[Civ. No. 15086. Third Dist. Oct. 9, 1975.]

ROBERT C. COZENS, as Director, etc., Plaintiff and Appellant, v.
NEW CAR DEALERS POLICY AND APPEALS BOARD,
Defendant and Respondent;
WILLIAMS CHEVROLET, INC.,
Real Party in Interest and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, and Julian O. Standen, Deputy Attorney General, for Plaintiff and Appellant.

Robert B. Kutz for Defendant and Respondent.

Minsky, Garbey & Rudof and B. W. Minsky for Real Party in Interest and Respondent.

## Opinion

**REGAN, J.**—On October 4, 1973, Robert C. Cozens, Director of the Department of Motor Vehicles ("Director" and "Department"), filed a petition for writ of mandate to compel respondent New Car Dealers Policy and Appeals Board[1] ("Board") to vacate and set aside the Board's final order upon review of the director's decision revoking the car dealer's license of the real party in interest, Williams Chevrolet, Inc. ("Williams").

During the years 1970 and 1971, the Department filed accusations against Williams, a car dealership, alleging certain violations of the Vehicle Code. Subsequently a hearing was held pursuant to the Administrative Procedure Act (Gov. Code, § 11500 et seq.).

On October 24, 1972, the Director adopted a decision prepared by the hearing officer which found that Williams had violated numerous sections of the Vehicle Code in the operation of its business and revoked Williams' license.

Williams then filed with the Director a petition for reconsideration of the decision revoking its license. (See Gov. Code, § 11521.) This petition set forth a number of alleged facts, including the facts that Williams had new supervisory personnel and a new general manager, and that all employees had been specifically instructed to refrain from any practices charged in the accusation. On November 24, 1972, the Director denied this petition.

Thereafter, Williams filed an appeal with the Board from the decision revoking its license. (See Veh. Code, § 3052.) On April 26, 1973, the Board issued an order amending and reversing certain findings of the Director, affirming others, and remanded the matter to the Director for refixing of the penalty.

On May 10, 1973, the Director issued its order refixing penalty which again revoked Williams' license.

On May 24, 1973, counsel for Williams addressed and sent a letter to the Director requesting reconsideration of his order refixing the penalty. The letter stated, in part, as follows: "It has been some time since the events occurred which brought about your most recent decision. Since

---

[1] The Board is now known as the "New Motor Vehicle Board." (Veh. Code, § 3000.)

then, no problems have occurred at the agency, and this should stand in their good stead." The Director treated this letter as a petition for reconsideration of the order refixing penalty and denied the same on June 6, 1973.

A second appeal was made to the Board by Williams from the order refixing penalty. On September 5, 1973, the Board made its final order whereby it affirmed the Director's order of revocation but stayed the execution thereof and placed Williams on probation for a period of three years, subject to certain terms and conditions. In its final order the board stated, in part, as follows: "[T]he major issue raised by this appeal is whether the penalty is commensurate with the findings. We hold absolutely no disagreement *with the appropriateness of the order revoking the corporate license* for the violations found to have been committed by the appellant. However, we are moved to modify the order by providing for a period of probation because of attendant circumstances.

"The factor which we find most persuasive in our determination is the argument of the appellant that it has continued in business as a new car dealer licensed by the department for a period in excess of two years since the filing of the accusation in this case. This fact is supported by the records before us and no information of any derelictions whatever by appellant during this time has been brought to our attention.

"Additionally, we have considered the mitigation as found by the director with particular cognizance attached to the fact that appellant's president has made certain changes in the operation of the dealership and has employed a new general manager." (Italics added.)

On October 4, 1973, the Director brought this action in mandate in the superior court to compel the Board to set aside its final order. The trial court denied the petition.

The Director contends the Board abused its discretion and exceeded its jurisdiction by, without compiling a record, setting aside the penalty imposed by the Department despite its finding that the penalty was supported by the record.

While recognizing that the Board has been vested with the authority in "proper cases" to substitute its judgment on penalties for licensees for that of the Department, the Director still maintains the Legislature intended the Board primarily to be an advisory and review body to the Department.

The Board, at the time of these proceedings, had only three duties, which can be summarized as follows: (1) prescribe rules and regulations, after consultation with the Department, relating to licensing of new car dealers; (2) hear and consider appeals from Department decisions concerning licensees; and (3) consider matters concerning activities or practices of applicants or licensees and, if necessary, refer such matters to the Department for appropriate action. (Veh. Code, § 3050.)[2]

The powers of the Board with respect to appeals from the Department are set forth in sections 3054 and 3055.

Section 3054 provides: "The board shall have the power to reverse or amend the decision of the department if it determines that any of the following exist:

"(a) The department has proceeded without or in excess of its jurisdiction.

"(b) The department has proceeded in a manner contrary to the law.

"(c) The decision is not supported by the findings.

"(d) The findings are not supported by the weight of the evidence in the light of the whole record reviewed in its entirety, including any and all relevant evidence adduced at any hearing of the board.

"(e) There is relevant evidence, which in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing.

"(f) The determination or penalty, as provided in the decision of the department is not commensurate with the findings."

Section 3055 provides: "The board shall also have the power to amend, modify, or reverse the penalty imposed by the department."[3]

The Director contends that the Board could have acted only under either subdivision (f) of section 3054 or section 3055. Since the Board concluded that the license revocation was appropriate, the Director

---

[2]Unless otherwise noted, all statutory references are to the Vehicle Code.

[3]Both of these sections were added by Statutes 1967, chapter 1397, section 2, pages 3265-3266.

argues the Board concedes the penalty is commensurate with the findings and hence it was barred from resorting to section 3054, subdivision (f).

The Director further argues that the Board could not invoke section 3055 because, in general, the Board held no evidentiary hearings and made no findings of its own. The Director contends the Board takes the position that section 3055 entitles it to act *for any reason it chooses,* whether or not based on an evidentiary record. The Director maintains this claim of the Board is based on several false assumptions.

He first contends it must be assumed the Legislature intended that the Board should have a greater scope of review over the Department than the courts have over the Board or any other administrative agency under Code of Civil Procedure section 1094.5. Under this section the court's inquiry into the agency's decision is generally limited to the administrative record. (See *Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 34-35 [112 Cal.Rptr. 805, 520 P.2d 29].) The Director relies upon *Topanga Assn. For a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, 515 [113 Cal.Rptr. 836, 522 P.2d 12], wherein the court states that "implicit in section 1094.5 is a requirement that the agency which renders the challenged decision must set forth findings to bridge the analytic gap between the raw evidence and ultimate decision or order." He therefore concludes that the Board must also take evidence and make independent findings on which to base its order.[4]

The Director next contends it must be assumed that the Legislature intended that Board orders be "unreviewable."[5]

---

[1]Section 3053 provides: "The board shall determine the appeal upon the administrative record of the department, any evidence adduced at any hearing of the board, and upon any briefs filed by the parties. If any party to the appeal requests the right to appear before the board, the board shall set a time and place for such hearing, the production of any relevant evidence and argument."

Thus, although the Board is authorized to take additional evidence, it is not required to do so. It appears to be undisputed that the Board had before it the entire record compiled by the Department, including the transcript of the administrative hearing, the exhibits, and the petitions for reconsideration filed with the Director by Williams (referred to as "letters of advocacy" by the appellant Director). As to the transcript of the administrative hearing, it was before the trial court. However, it was never offered or admitted into evidence and was not designated as a part of the record on appeal.

[5]However, section 3058 specifically provides for judicial review of final orders of the Board.

Thirdly, the Director contends it cannot be assumed the Legislature intended subdivision (f) of section 3054 to be surplusage without purpose or effect.

Finally, the Director argues that a holding that the Board can set aside Department penalties for whatever reasons it chooses would result in the emasculation of the Department's authority over car dealer licenses. (See *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 918-919 [80 Cal.Rptr. 89, 458 P.2d 33].)

█ In summary, the Director contends that section 3054, subdivision (f) empowers the Board to amend a Department-imposed penalty for reasons found in the Department's record, whereas section 3055 empowers the Board to amend a Department imposed penalty for reasons found in its own record.

The Board maintains it has never taken the position that section 3055 empowers it to take whatever action it chooses, whether or not supported by a record. To the contrary, the Board submits that it took its action only after considering the entire record, including the petitions for reconsideration. The Board did not consider it necessary to take additional evidence since it may rely upon the record compiled by the Department. (See § 3053; *Ralph's Chrysler-Plymouth* v. *New Car Dealers Policy & Appeals Bd.* (1973) 8 Cal.3d 792, 794 [106 Cal.Rptr. 169, 505 P.2d 1009].) It further maintains that its powers under section 3055 merely subject the Director's penalty power to review upon appeal by a carefully selected Board of nine members, and confer upon the Board the power to arrive at a different conclusion. The Board emphasizes that it did nothing more than to substitute probation for outright revocation of Williams' license (i.e., it did not reverse the decision but modified the penalty pursuant to § 3055). It also notes that the power of review set forth in the Vehicle Code differs substantially from that contained in section 1094.5 of the Code of Civil Procedure. The Board concludes that the trial court did not err in denying the Director's petition for a writ of mandate since the Board neither abused its discretion nor exceeded the jurisdiction conferred upon it by sections 3050, 3053 and 3055. (Cf. *Lake* v. *Civil Service Commission* (1975) 47 Cal.App.3d 224, 228 [120 Cal.Rptr. 452]; *Wingfield* v. *Fielder* (1972) 29 Cal.App.3d 209, 221 [105 Cal.Rptr. 619].)[6]

---

[6]The board also relies upon *Ralph Williams Ford* v. *New Car Dealers Policy & Appeals Bd.* (1973) 30 Cal.App.3d 494 [106 Cal.Rptr. 340]. In that case the court referred to criminal law in ruling upon a due process question presented by the board's order of probation. By analogy, the Board applies the law relating to criminal probation matters and apparently concludes that the Board could validly consider the petitions for reconsideration and argument of counsel in reaching its decision. It does not concede, however, that there were any "facts" supplied to the Board outside the record.

Williams, the real party in interest, notes that both sections 3054 and 3055 were enacted simultaneously and the presumption is against the Legislature indulging in an idle act or duplication. (See 45 Cal.Jur.2d, Statutes, § 99, p. 613.) Since section 3055 deals solely and specifically with penalties, Williams submits the only conclusion that can be drawn is that section 3055 amplified and broadened the Board's discretion. Williams finds it significant that in enacting this section the Legislature included the word "also." Williams maintains this is a clear indication that the Legislature intended to confer on the Board more authority than that vested in it under subdivision (f) of section 3054.

Turning to the Director's argument, we hold there is no statutory requirement that the Board hold an evidentiary hearing. As we have previously pointed out, the Board can act upon the administrative record of the Department and the briefs of the parties alone. We do not regard subdivision (f) of section 3054 as surplusage. Rather, we conclude that section 3055 is a legislative expansion of the Board's powers.

We hold that the Board properly relied on the record compiled by the Department and the briefs of the parties. We find nothing arbitrary or capricious in the Board's order and we shall therefore affirm the judgment of the trial court denying the writ of mandate.

■ There is a strong undercurrent in the Director's arguments to the effect that if his position is not accepted, it will lead to unbridled power vested in the Board with absolutely no checks or restraints. This is simply not true. The Board must still exercise judicial discretion, as explained in *Brown* v. *Gordon* (1966) 240 Cal.App.2d 659, 666-667 [49 Cal.Rptr. 901]: "It is well settled that in a mandamus proceeding to review an administrative order the determination of penalty by the administrative body will not be disturbed unless there is a clear abuse of discretion. [Citations.] Although the administrative body has broad power with respect to the determination of the penalty to be imposed, *this power is not absolute or unlimited, but must be exercised with judicial discretion.* [Citations.] The term 'judicial discretion' is defined as follows: 'The discretion intended . . . is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex. gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' [Citations.] 'Abuse of discretion' in the legal sense is defined as discretion exercised to an end or purpose not justified by and

clearly against reason, all of the facts and circumstances being considered. [Citations.]" (Italics added.)

The judgment denying petition for writ of mandate is affirmed.

Friedman, Acting P. J., and Evans, J., concurred.

A petition for a rehearing was denied October 24, 1975, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied December 4, 1975.