[No. F006297. Fifth Dist. Jan. 14, 1987.]

TOYOTA OF VISALIA, INC., et al., Plaintiffs and Respondents, v. NEW MOTOR VEHICLE BOARD et al., Defendants and Appellants.

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Paul H. Dobson and Marybelle D. Archibald, Deputy Attorneys General, for Defendants and Appellants.

Coder & Tuel, Farley & Alldredge and Houston N. Tuel, Jr., for Plaintiffs and Respondents.

OPINION

BROWN (G.A.), P. J.—On petition of Toyota of Visalia, Inc. (Toyota)[1] for a writ of administrative mandamus pursuant to Code of Civil Procedure[2] section 1094.5, the superior court admitted certain exhibits in evidence and issued its writ directing the New Motor Vehicle Board (Board) to consider the newly admitted evidence in determining the appropriate sanctions and penalties to be assessed against Toyota for certain established violations of the Vehicle Code. The issues relate to the propriety of the superior court's admitting the evidence and the scope of the direction to the Board on remand.

This is the second time this case has been before the court. The former appeal is reported as *Toyota of Visalia, Inc.* v. *Department of Motor Vehicles* (1984) 155 Cal.App.3d 315 [202 Cal.Rptr. 190]. A brief history of the proceedings will be helpful.

On January 25, 1980, the Department of Motor Vehicles (Department) filed accusations against Toyota of Visalia alleging 11 different categories of violation of the Vehicle Code, among which were charges of false and misleading advertising and inaccurate PAC stickers. In June 1980, a hearing was held before an administrative law judge. His proposed decision was filed on November 13, 1980, finding violations on all but one count and ordering various penalties, including revocation and suspension of respondents' dealership license.

On November 26, 1980, the administrative law judge's decision was adopted by the Department, and on December 24, 1980, the Department denied Toyota's petition for reconsideration. Toyota then appealed the Department's decision to the Board. The Board's decision dated July 14, 1981, modified the decision of the Department and affirmed the decision as modified.

On July 14, 1981, respondents filed a petition for writ of administrative mandamus in the Superior Court of the County of Tulare alleging, inter alia, that the penalty imposed by the Board was excessive.

On October 13, 1982, the court issued a decision granting the petition with

---

[1] Toyota of Visalia, Inc. is a corporation solely owned by the individual petitioners, Ottmar Thomas and his wife.

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

respect to the penalty imposed. The proceedings were remanded to the Board for reconsideration of the penalty in light of the court's decision.

On November 22, 1982, the Board and the Department filed a notice of appeal with this court. This court reviewed the trial court's consideration of the Board's decision in an opinion filed May 2, 1984, and affirmed in part and reversed in part. This court affirmed the finding by the trial court that the penalty imposed by the Board was excessive and directed the trial court to modify its judgment and to remand the cause to the Board for further consideration in accordance with the opinion. (*Toyota of Visalia, Inc.* v. *Department of Motor Vehicles, supra,* 155 Cal.App.3d 315.)

Prior to the hearing on remand, Toyota made a motion before the Board to augment the record with evidence Toyota considered relevant to the issue of penalty. After conducting a hearing, the Board denied the motion in its entirety. Toyota orally renewed the motion to augment at the Board's hearing on remand, at which time the motion was again denied. The Board thereafter issued an order reducing the license revocation to a 30-day suspension which Toyota could elect to take in two 15-day segments and a period of 3 years' probation.

Toyota filed a petition for a writ of administrative mandamus in the superior court. The petition alleged that appellant Board's decision was not supported by the findings, that appellant Board erred in denying the motion to augment the record, and that the penalty imposed was excessive. At the hearing on the petition for a writ of administrative mandamus, Toyota offered, and the trial court received, 11 exhibits on the theory that the evidence bore upon the issue of mitigation of penalty and that evidence in mitigation on the issue of penalty is admissible up to the time of adjudicating the penalty. The 11 exhibits are described in appendix A.

Exhibits 1, 2, 3, 4, 7, 9 and 10 were admitted into evidence without objection by the Board. In fact, as to at least two of these exhibits the Board's attorney expressly stated she had no objection. Exhibits 5, 6, 8 and 11 were admitted over the objection of the Board. Of the exhibits objected to by the Board, only exhibits 6 and 8 had previously been offered to the Board and rejected by it.

On August 9, 1985, judgment was entered by the trial court commanding the Board to set aside its decision in the administrative proceedings and to reconsider the appropriate administrative sanctions or penalty to be assessed.

## DISCUSSION

■ Evidence of good behavior, good practices and lack of dereliction, as well as other evidence relevant to the issue of penalty, is properly admitted at the hearing on penalty even though a long period of time has transpired between the findings of violations and the hearing on the penalty. The weight to be given the evidence is within the province of the Board. While there are no cases directly in point in this context, the Board's policy of giving weight to a licensee's post-hearing conduct has been inferentially approved. (*Cozens* v. *New Car Dealers Policy & Appeals Bd.* (1975) 52 Cal.App.3d 21, 24 [124 Cal.Rptr. 835].)

In the field of criminal law it is well established that evidence concerning an individual's postconviction conduct is relevant to his sentence and that updated information should be obtained when resentencing occurs long after the original probation officer's report was obtained. (*People* v. *Rojas* (1962) 57 Cal.2d 676, 683 [21 Cal.Rptr. 564, 371 P.2d 300]; *People* v. *Brady* (1984) 162 Cal.App.3d 1 [208 Cal.Rptr. 21].) An automobile dealer facing the loss or suspension of his license, and thus his livelihood, is entitled to no less. This is particularly true in this type of administrative proceeding where the applicable principle is that the primary purpose of punishment is protection of the public rather than punishment of the wrongdoer. (*Borror* v. *Department of Investment* (1971) 15 Cal.App.3d 531, 543 [92 Cal.Rptr. 525].)

■ All of the exhibits admitted by the court were offered as being relevant on the issue of mitigation of penalty. The unobjected-to exhibits (exhibits 1, 2, 3, 4, 7, 9 and 10) are clearly relevant on the issue of penalty, and we need not specifically discuss those exhibits further. Like the Board, we focus on exhibits 5, 6, 8 and 11. These exhibits were also relevant on the issue of penalty. Exhibits 6 and 8 consist of evidence of restitution to certain customers who were injured by Toyota's illegal conduct. Exhibits 5 and 11 consist of evidence tending to show that the penalty imposed by the Board, a 30-day suspension, has the potential to constitute a de facto revocation; exhibit 5 consists of a portion of the franchise agreement between respondent and Toyota Motors providing that respondent Toyota of Visalia could lose its franchise if it is closed for a period of 5 days or more. Exhibit 11 consists of documents indicating that the dealerships of Pasadena Motors and Lyons Buick-Opel, which were also given license suspensions by the Board, are no longer in business.

■ The Board argues that the court should not have admitted the evidence because it was untimely under the Board's rules.

The Board refers to section 568 (Cal. Admin. Code, tit. 13, § 568) which requires of those desiring to produce additional evidence before the Board a statement that "in the exercise of reasonable diligence [the evidence] could not have been produced or which [evidence] was improperly excluded at the hearing [before the hearing officer]."

The argument continues that since Toyota failed to submit the proper statement when it appealed to the Board in 1980, it cannot produce this evidence before the Board in 1984. The Board asserts that section 568 applies even if the evidence was not in existence at the time of the appeal to the Board.

The Board's position is manifestly unreasonable because, as construed by the Board, the section would foreclose an appellant from presenting any evidence to the Board not in existence at the time an appellant filed a notice of appeal. A more reasonable interpretation is that the section requires notice in the petition to the Board only if petitioner is aware of such evidence and if the evidence is already in existence; section 568 merely governs format and content of documents, not procedural rights of the parties.

The procedural rights of the parties are governed by Vehicle Code section 3053, providing in pertinent part: "The board shall determine the appeal upon the administrative record of the department, any evidence adduced at any hearing of the board, and upon any briefs filed by the parties." There is nothing in Vehicle Code section 3053 that limits the evidence the Board may consider to that which was in existence at the time the notice of appeal was filed. On the contrary, evidence may be "adduced at any hearing." We conclude that section 568 (Cal. Admin. Code, tit. 13, § 568) does not foreclose the Board from considering evidence not specified in the notice of appeal to the Board.

The information contained in all of the exhibits except exhibits 5, 6 and 11[3] was not in existence at the time of the Board hearing in 1980.

The Board asserts that this court in the former appeal foreclosed the Board and trial court from considering evidence of mitigation by its statement in footnote 8 of the opinion which states: "We reject Toyota's and Pioneer's request that this court take judicial notice of the fact that approximately four years have transpired since most of the violations were committed without any further evidence of noncompliance by Toyota or Mr. Thomas. What has

---

[3]We will hold exhibits 5, 6 and 11 were improperly admitted by the court on other grounds, so we need not discuss those exhibits in the context of section 568.

transpired since 1980 is not a part of the record and, in addition, not relevant to this appeal." (*Toyota of Visalia, Inc.* v. *Department of Motor Vehicles, supra,* 155 Cal.App.3d at p. 328, fn. 8.)

The Board misconstrues the import of this statement. The footnote does not say that evidence of exemplary posthearing conduct is irrelevant to the issue of penalty; it says that such evidence was irrelevant "to this appeal."

Footnote 8 of the opinion in the former appeal reveals that Toyota asked that this court consider evidence of its good behavior as it related to whether the record supports the trial court's finding that the penalty of revocation imposed by the Board was excessive. In reviewing the excessiveness of the penalty imposed by the Board, this court was understandably limited to consideration of the evidence before the Board when it imposed the penalty. Only by limiting the record to the evidence before the Board could this court have scrutinized the discretion of the Board for abuse. It does not necessarily follow, however, that upon remand the Board was foreclosed from "determin[ing] the appeal upon ... any evidence adduced at *any* hearing of the board, ..." (Veh. Code, § 3053, italics added.) The opinion in *Toyota of Visalia, Inc.* v. *Department of Motor Vehicles, supra,* 155 Cal.App.3d 315, should not be interpreted to either encourage or foreclose the Board from considering additional evidence in reassessing the penalty. There is simply no directive to the Board either way in the court's former opinion.

■ The Board also urges that, as a matter of policy, evidence in mitigation occurring after the hearing before the Department should not be considered in arriving at the proper penalty. It is argued that to hold otherwise would be to award a disciplined dealer who is successful in his appeal with an opportunity to present mitigating evidence on remand and encourage delay while denying a disciplined dealer who is unsuccessful in an appeal the same opportunity. It must be acknowledged that this type of inequity is inherent in our judicial system and occurs by reason of the uniqueness of the facts and circumstances of each individual case. Thus, in criminal cases the period of time transpiring between the adjudication of guilt and the imposition of sentence or resentence in similar types of criminal cases varies widely, and there does not appear to be any practical way that the time period can be made uniform. In good conscience, we cannot conclude, however, that this variation should prevent those who are in a position to present mitigating evidence from doing so.

We next pass to a consideration of the provisions of section 1094.5 as they relate to the trial court's authority to admit exhibits 5, 6, 8 and 11.

■ The evidentiary limitation imposed on the court by section 1094.5, subdivision (e), relating to the trial court's authority to admit and consider new evidence, is a central issue in this litigation. That section provides in relevant part: "(e) Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; . . ."

The decisions discussing section 1094.5, subdivision (e), have indicated that the section operates as a limitation upon the court's authority to admit new evidence. The general rule is that a hearing on a writ of administrative mandamus is conducted solely on the record of the proceeding before the administrative agency. (*Beverly Hills Fed. S. & L. Assn.* v. *Superior Court* (1968) 259 Cal.App.2d 306, 324 [66 Cal.Rptr. 183].) Section 1094.5 contains limited exceptions to this rule. "It is error for the court to permit the record to be augmented, in the absence of a proper preliminary foundation . . . showing that one of these exceptions applies." (Cal. Administrative Mandamus (Cont.Ed.Bar 1966) § 13.5, p. 219.)

As this court stated in *Windigo Mills* v. *Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 595-597 [155 Cal.Rptr. 63]: " 'It is not contemplated by the code provision that there should be a trial de novo before the court reviewing the administrative agency's action even under the independent review test.' (*Hadley* v. *City of Ontario* (1974) 43 Cal.App.3d 121, 127 [117 Cal.Rptr. 513]; see generally, Netterville, *Judicial Review: The 'Independent Judgment' Anomaly* (1956) 44 Cal.L.Rev. 262.) Public policy requires a litigant to produce all existing evidence on his behalf at the administrative hearing (see *Akopiantz* v. *Board of Medical Examiners* (1961) 190 Cal.App.2d 81, 93 [11 Cal.Rptr. 810]). Only where the record is augmented within the strict limits set forth in the statute is evidence on the main issues ever received in the superior court (Deering, Cal. Administrative Mandamus (Cont.Ed.Bar 1966) p. 86).

" . . . . . . . . . . . . . . . . . . .

"When the Legislature granted the superior court the discretion to receive 'relevant evidence which, in the exercise of reasonable diligence, could not have been produced at the administrative hearing,' it reasonably may be inferred that it meant to authorize the receipt of evidence of events which took place after the administrative hearing. . . . We conclude that the superior court is authorized under section 1094.5, subdivision (e) to receive rele-

vant evidence of events which transpired after the date of the agency's decision.[4]"

Footnote 4 of the quoted passage provides: "This does not mean that the trial court should admit such evidence in all cases. In keeping with the principle that the administrative agency should have the first opportunity to decide the case on the basis of all of the evidence, the better practice might be to remand the action for agency redetermination in the light of the new evidence, particularly where the evidence would have been crucial to the administrative decision." (See also *City of Fairfield* v. *Superior Court* (1975) 14 Cal.3d 768, 774-775 [122 Cal.Rptr. 543, 537 P.2d 375].)

■ The evidence contained in exhibits 5, 6 and 11 was available to Toyota at the time of the original hearing before the Board in 1980. The evidence contained in exhibits 5 and 11 was not offered to the Board in the 1985 hearing.

Thus, as to exhibits 5 and 11, the Board was not given the opportunity to rule on their admissibility and the Board cannot be said to have improperly excluded those exhibits.

Exhibit 6 consisted of canceled checks representing reimbursement for fee overcharges to customers. All of the reimbursements were made before the date of the original hearing in 1980, and the canceled checks were available before that hearing. However, they were not introduced because the owner of Toyota, Ottmar Thomas, testified to the reimbursements in the 1980 hearing. The checks were offered into evidence before the Board below at the 1984 hearing and were denied admission. We cannot say that the Board improperly excluded the canceled checks because they were obviously cumulative and available at the time of the 1980 hearing.

Because exhibits 5, 6 and 11 do not fall within the exception defined in section 1094.5, subdivision (e), the trial court erred in admitting them into evidence.

■ Exhibit 8 consists of canceled checks dated September 6, 1984, representing reimbursement to customers for "free" merchandise that had not been given to customers. They were not in existence in 1980 and are relevant on the issue of mitigation. The court did not err in admitting this exhibit over objection.

■ The Board argues that the trial court erred in admitting any of the exhibits in that the court should have remanded to the Board and left the

matter of admission to the Board. Whether the court remanded to the Board with directions to admit the exhibits or admitted the exhibits itself and remanded to the Board to reconsider the penalty in light of the exhibits makes no difference in substance. It is tweedledum and tweedledee. Moreover, section 1094.5, subdivision (e), expressly authorizes the court to admit the evidence and "[remand] the case to be reconsidered in the light of that evidence."

This brings us to the scope of the trial court's disposition. The court's order commanded the Board to "set aside its decision dated December 7, 1984, in the administrative proceedings, to reconsider the appropriate administrative sanctions or penalty in this matter so as not to treat Toyota of Visalia, Inc., more harshly than other similarly situated dealers which have appeared before the New Motor Vehicle Board, and to reconsider its action in the light of this Court's oral findings and the record including the transcript and documentary evidence of the May 30, 1985 hearing, which shall augment the existing record, and to take any further action specially enjoined upon it by law."

Toyota flatly asserts that, based upon the administrative record and the evidence admitted by the court, the court found that the Board's determination of penalty was excessive. However, a review of the record does not support this position. The court did not render a statement of decision. The court made no express finding that the penalty assessed by the Board was excessive. The peremptory writ which was prepared by Toyota's counsel is somewhat uncertain, commanding, as it does, that the Board "set aside its decision . . ., to reconsider the appropriate administrative sanctions . . . so as not to treat Toyota of Visalia, Inc., more harshly than other similarly situated dealers . . ., and to reconsider its action in the light of this Court's oral findings[4] and the record including the transcript and documentary evidence . . . [admitted by the court]."

Reference to the oral proceedings makes clear the judge was well aware of his limited authority to fix the penalty vis-à-vis the Board's authority. For example, the court stated: "So the court feels that under Section 1094.5 that probably it is most expeditious for the court to allow the evidence to be received and placed in the record and then the matter remanded for appropriate action by the board in light of that augmented record. So the court will proceed with the evidentiary hearing.

---

[4]There are no oral findings as such.

"... . . . . . . . . . . . . . "... . . . .

"Miss ARCHIBALD [Department's counsel]: . . . I certainly have an objection to the suggestion, and with all due respect to Your Honor, that this court should advise an administrative body on the issue of the disciplinary matters.

"THE COURT: Well, I am really not inclined to do that. It is in their area of expertise. The court, of course, has read the language of the board with reference to what should be considered. They consider defacto defacto [sic] revocation, for example. Certainly those factors should be considered. The impact upon the licensee. Factors of restitution or remorse certainly should —are appropriate. They should be considered. They have considered restitution certainly as a consideration. Courts are always concerned when people come before them as to—in criminal matters whether there has been an indication of remorse, an attempt to rectify, correct, the situation. But the record is now full. It is replete with these matters of what has occurred, what the impacts have been.

"... . . . . . . . . . . . . . . . . . .

"Of course, the thing that was inappropriate was not to hear the evidence of what has occurred in this very substantial period between the hearing and their action. So counsel has made the appropriate arguments and has the record now to support those arguments. The matter really, I—the court feels should be taken back to the board and it is an area for their expertise."

The record shows that Toyota's counsel argued vigorously, attempting to persuade the judge to interfere with the Board's discretion in fixing penalty, which the judge refused to do, except to indicate that the mitigating factors were important and should be considered by the Board. The court's position is consistent with the law.

Section 1094.5, subdivision (f), in relevant part states: ". . . Where the judgment commands that the order or decision be set aside, [the court] may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, *but the judgment shall not limit or control in any way the discretion legally vested in the respondent.*" (Italics added.)

The cases are consistent with this concept: "[T]he propriety of a penalty imposed by an administrative agency is a matter vested in the discretion of the agency and its decision may not be disturbed unless there has been a

manifest abuse of discretion. [Citations.] '[I]n reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter; nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh. [Citation.] Such interference, in the light of the foregoing authorities, will only be sanctioned when there is an arbitrary, capricious or patently abusive exercise of discretion.' [Citation.] The foregoing principles apply whether the statewide administrative tribunal is one which is constitutionally authorized to exercise judicial functions [citations] or one which is not so empowered [citations]." (*Cadilla* v. *Board of Medical Examiners* (1972) 26 Cal.App.3d 961, 966 [103 Cal.Rptr. 455].)

Numerous cases, in various kinds of administrative proceedings, support this position. (See *Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507, 515 [102 Cal.Rptr. 758, 498 P.2d 1006]; *Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1965) 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745]; *Magit* v. *Board of Medical Examiners* (1961) 57 Cal.2d 74, 87-88 [17 Cal.Rptr. 488, 366 P.2d 816]; *Windham* v. *Board of Medical Quality Assurance* (1980) 104 Cal.App.3d 461, 473 [163 Cal.Rptr. 566]; *Szmaciarz* v. *State Personnel Bd.* (1978) 79 Cal.App.3d 904, 921 [145 Cal.Rptr. 396]; *Brown* v. *Gordon* (1966) 240 Cal.App.2d 659, 666-667 [49 Cal.Rptr. 901].)

In light of the judge's awareness of his limited authority to interfere with the discretion of the Board in its assessment of the appropriate penalty, we construe the language of the writ of mandate and the judge's remarks in the record, not as a direction to the Board to set aside its order because the court found the penalty was excessive, but to set its order aside for the purpose of considering the penalty in light of the new evidence introduced and the guidelines stated. The court's other language constitutes guidelines as to what the Board should consider in arriving at its decision. Upon remand, the Board is free to exercise its discretion based upon the evidence properly admitted by the court, the administrative record and the appropriate guidelines.

The judgment of the trial court is reversed insofar as it admitted exhibits 5, 6 and 11; the trial court is directed to modify its writ of administrative mandamus by eliminating from the evidence to be considered by the Board exhibits 5, 6 and 11. The trial court is directed to issue a new writ of administrative mandamus incorporating these changes. The judgment is otherwise affirmed.

Each party to bear its/his/her own costs.

Woolpert, J., and Martin, J., concurred.

APPENDIX A

Exhibit 1        Certified copies of selected decisions from the Department of Motor Vehicles.

Exhibit 2        A press release dated February 14, 1980, by the Fresno District Attorney concerning the civil complaint filed against respondents.

Exhibit 3        Newspaper articles relating to the charges against respondents.

Exhibit 4        A chart compiled by respondent Thomas representative of vehicle sales from 1977 to 1984.

Exhibit 5        Paragraph VIII, subdivision (b)(1)(a) of Toyota dealer sales and service agreement which includes a provision that the Toyota distributor may terminate the dealership agreement for cause if the dealership is closed for a continuous period of five business days.

Exhibit 6        Copies of canceled checks representing reimbursements for fee overcharges.

Exhibit 7        Correspondence relating to fee overcharges.

Exhibit 8        Copies of canceled checks dated September 6, 1984, representing payment for merchandise which had been advertised as "free" with purchase of an automobile but which was not tendered.

Exhibit 9        Newspaper articles relating to respondents' filing of a petition for writ of administrative mandamus in 1985.

Exhibit 10      Documents from the Department of Motor Vehicles indicating no consumer complaints or investigations following the administrative violations proven against Toyota of Visalia.

Exhibit 11      Documents indicating that dealerships of Pasadena Motors and Lyons Buick-Opel, which had been given license suspensions, were no longer in business.