MORGAN L. STARKE, Appellant, v. S. C. BECKWITH SPECIAL AGENCY, Respondent.

**Service of process — execution — wages — personal service must be made upon employer, of execution directed against wages of employee, to make employer liable to the judgment creditor.**

An execution directed against the wages or salary of a judgment debtor upon presentation to the employer becomes a lien to the amount specified upon the wages or salary of the employee as they become due. The employer must then pay the prescribed amount,

and if he fails to do so he becomes liable to the judgment creditor. (Code. Civ. Pro. § 1391.) Personal service of the execution is clearly contemplated. In this action against the employer, conflicting evidence was given upon this point on behalf of the respective parties, upon which a question of fact arose which the jury was entitled to pass upon. Hence it was error to dismiss the complaint.

*Starke* v. *Beckwith Special Agency,* 176 App. Div. 910, reversed.

(Argued June 4, 1919; decided July 15, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 5, 1917, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The action is brought under the provisions of section 1391 of the Code of Civil Procedure to recover a percentage of the salary of one Charles T. Logan, an employee of the defendant-respondent.

The facts, so far as material, are stated in the opinion.

*John Mulholland* and *John H. Rogan* for appellant. The court erred in dismissing the complaint. (*Wood* v. *Morehouse,* 45 N. Y. 386; *T. H. Dept.* v. *Weil,* 134 N. Y. Supp. 1062.)

*Franklin Taylor, Joseph J. Zeiger* and *Morris Blau* for respondent.

ANDREWS, J. An execution directed against the wages or salary of a judgment debtor upon presentation to the employer becomes a lien to the amount specified upon the wages or salary of the employee as they become due. The employer must then pay the prescribed amount; and if he fails to do so he becomes liable to the judgment creditor. (Code of Civil Procedure, section 1391.) Mere knowledge on his part of the existence of an execution is not enough. To fix his liability the execution must be presented. And " presentation " implies some formality (*Ulster County Savings Institution* v. *Young,* 161 N. Y. 23, 33; *Niles* v. *Crocker,* 88 Hun, 312; *Willis* v. *Marks,*

29 Ore. 493), especially where as here the " presentation " is to be made " by the officer to whom " it is " delivered for collection." Personal service of the execution is clearly contemplated.

A corporation, however, may be served only through its officers or agents. Often those on whom service may be made are defined by statute. If this is not done, an executive officer should be selected, or some agent whose ordinary duties are such that notice to him would naturally insure knowledge of the process to the corporation. ( *Kansas City, Fort Scott & Memphis R. R.* v. *Daughtry,* 138 U. S. 298.)

In the case before us the complaint was dismissed on the ground that the plaintiff had failed to give any evidence of the presentation to the defendant of an execution against one Charles T. Logan, an employee of the defendant, directed to be collected out of his wages and salary. In this there was error. A deputy sheriff testified that he went to the office of the defendant and asked to see one of its officers; this was in the outer office; he was directed into an inner office and there he found a gentleman sitting at a desk; he told him that he was a sheriff's officer with an execution against Mr. Logan's wages and he handed it to him and he accepted it. The deputy then asked him who he was and he said he was an officer of the company. It further appears that there were but three officers of the defendant; a Mr. James T. Beckwith, its president and treasurer; a Mr. R. W. Beckwith, its vice-president, whose office, however, was in Chicago and who was there at the time, and a Mr. Flynn, its secretary. Mr. Flynn and Mr. James T. Beckwith each had private or inner offices separated from the outer or general office. There was still a third inner office but that was unoccupied. No one was allowed to occupy Mr. Beckwith's desk when he was away. Mr. Beckwith denies that the execution was ever presented to him. Mr. Flynn was not called. It further appears that

after the date of the alleged presentation of this execution a check for $40 was received by the sheriff of New York county, signed by the defendant and made to the sheriff's order. An explanation of this check is given by the defendant; but it is possible that this explanation might have been discredited by a jury.

Under these circumstances there was a question of fact upon which the jury was entitled to pass as to the presentation of the execution to the defendant.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO and POUND, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment reversed, etc.