Harold A. Stevens, J.
Defendant, a nonresident partnership, appears specially and moves to vacate service of process. Defendant alleges it is not doing business here and that its designation of a person or firm was ineffectual to confer jurisdiction. Plaintiff, a New York corporation, asserts that by virtue of the terms of a distributor franchise agreement defendant consented to jurisdiction when service was made in the manner therein provided.
This case differs from a companion case, decided simultaneously herewith, in that plaintiff in the instant case is a resident, i.e., a New York corporation. Section 224 of the General Corporation Law gives to a resident or a domestic corporation the right to maintain an action against a foreign corporation. That right is not absolute, for even under the section it is requisite that something more exist, either by way of such foreign corporation’s doing business or otherwise. While section 229-b of the Civil Practice Act, to which defendant refers, makes provision for service upon a nonresident natural person doing busi *1039 ness within the State, it is not exclusionary in that it prohibits or invalidates a consent freely given in a transitory action between a resident and nonresident. We draw a parallel with arbitration cases.
It was the constitutional privilege of defendant, a nonresident, to remain immune to process of this State had it elected to do so, since it was not doing business here. By the same token, it could waive that privilege in its contract with a domestic corporation and consent to New York as a forum for determination of issues involving a possible money judgment. It would hardly be disputed that it could waive the question of jurisdiction by a general appearance. It has been well stated that such nonresident may make such waiver no less before than after the commencement of the proceedings and consent that a State exercise jurisdiction over him. (Wilson v. Seligman, 144 U. S. 41, 44; De Dood v. Pullman Co., 57 F. 2d 171; Pope v. Heckscher, 266 N. Y. 114, 117; Gilbert v. Burnstine, 229 App. Div. 170; 255 N. Y. 348.
Consent jurisdiction is not violative of due process. More particularly is this true where the method provided by the terms of the consent is reasonably calculated to give the party notice so that he may be afforded the opportunity of being heard. The defendant, having recognized the validity of the agreement with a domestic corporation by operating under or within its terms, shall not now be permitted to repudiate its consent provision because the contingency of litigation foreseen and provided for has become a reality.
The further contention that the partnership has dissolved recently and cannot be sued is without merit. Our law provides: 1 ‘ On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.” (Partnership Law, § 61; see also, § 67, subd. 1.) The agreement provided also that obligations were to survive its expiration or termination. Service has been made upon the partnership as provided. Motion to vacate the service of process is denied.