J. Egbert Lynch, J.
Defendant Whiting-Turner moves, under section 108 of the Civil Practice Act, to be relieved of a judgment taken against it on a default claimed inadvertent. The motion was timely made upon papers sufficient in form. It would be granted by the court except for the character of the inadvertence alleged which the court holds is a legal barrier *404 to the exercise of its discretion whether the motion he determined under the authority of the statute or under the court’s equitable powers to relieve defaults.
Whiting-Turner is a foreign corporation that obtained an authorization to do business within the State by fulfilling the requirements of section 210 of the General Corporation Law. It filed with the Secretary of State a designation of her as its agent upon whom process might be served. It also filed a statement that its office within this State could be located at 1 ‘ 90 State Street, Albany ’ ’. It now says this was inadvertence; that the statement should have described its office location “ c/o Fidelity and Deposit Company of Maryland, 90 State Street, Albany ”.
What happened is predictable. Plaintiff sued it. Process was served on Whiting-Turner by personal service on the Secretary of State who in turn mailed a copy to the corporation addressed to 90 State Street. The envelope was returned unopened, marked “address unknown The plaintiff proceeded to judgment, received payment of it through a bond held by the State and satisfied it of record.
Is this an inadvertence from the consequences of which the court may relieve? We think not. To do so would vitiate the service statute upon which all proceedings against foreign corporations depend.
The Legislature has set forth the prerequisites to jurisdiction in suit over foreign corporations doing business under a certificate of authority within the State (General Corporation Law, § 217). Here the prerequisites were met. The agent for service was served and she mailed a copy to the principal at the address the principal had given her. To set aside the judgment here obtained by a third party because of this inadvertence running from principal to agent would, as a positive effect, add another condition to the statute, i.e. that the mailing of process by the Secretary of State be received by the foreign corporation else the plaintiff suffer a default judgment’s being set aside on application within one year after notice. Citations sufficient in number to make it axiomatic have held that courts should not legislate.
The attitude of the Legislature may be seen in a parallel situation— substituted service. “Where the summons is served, pursuant to an order for substituted service, in any other man-' ner than personally without the state, and the defendant so . served does not appear; he * * * upon good cause shown and upon just terms, must be allowed to defend, after final judgment, at any time within one year after personal service *405 of written notice thereof; or, if such a notice has not been served, within seven years after the filing of the judgment-roll ’’ (Civ. Prac. Act, § 217). The fact that the Legislature did not extend this same relief to those served personally through a designated agent indicates to the court that it did not intend it (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §74).
Citations on a mistaken belief that defendant had not been served as a ground for setting aside a default judgment have been collected and discussed in an annotation in the American Law Reports (153 A. L. R. 449). The annotation has not been particularly helpful here except as it concludes (p. 450), “ And while some of the cases, involving either an equitable or statutory proceeding, have taken the view that a defendant’s mistaken belief as to the existence or validity of the service of process constitutes a mistake of law precluding his right to relief from a default judgment * * * it is unsafe to state this as an abstract rule, in view of the many variable circumstances involved in the cases ”. The motion is denied.