[Civ. No. 38854. Second Dist., Div. Four. Mar. 29, 1972.]

NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff and Respondent, v. UNITED LUMBER CO., Defendant and Appellant.

**COUNSEL**

Bertram H. Ross for Defendant and Appellant.

Marvin Zinman for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—This is an appeal from a summary judgment entered against appellant United Lumber Co., based on a foreign judgment entered against appellant by the Supreme Court of New York. The court below granted summary judgment to respondent on the ground that there were no issues of fact to be tried, finding that the New York judgment was to be given full faith and credit in California. Appellant alleged that the New York judgment was not entitled to full faith and credit on the ground that the New York court never acquired jurisdiction over appellant.

On May 19, 1969, appellant lessee, United Lumber Co., a California corporation doing business wholly within the State of California, entered into a contract for the lease of computor equipment from respondent lessor, National Equipment Rental, Ltd., a New York corporation not qualified to do business in California.

Paragraph 16 of the agreement provided that all actions be litigated in New York and that service of process was to be made by mail to the address stated in the agreement. That paragraph reads as follows:

"16. EXECUTION; LAW GOVERNING; SERVICE: This lease shall only be binding when accepted by the Lessor at its Elmont, N. Y. office and shall be deemed to have been made in Nassau County, New York and shall be governed by the laws of the State of New York except for local recording statutes. As part of the consideration for the Lessor's executing this lease, Lessee agrees that all actions or proceedings arising directly or indirectly from this lease shall be litigated only in courts having situs within the State of New York and the Lessee hereby consents to the jurisdiction of any local, state or federal court located within the State of New York and waives personal service of any and all process upon the Lessee herein, and consents that all such service or process shall be made by certified mail, return receipt requested, *directed to the Lessee at the address hereinabove stated;* and service so made shall be complete two (2) days after the same shall have been posted as aforesaid." (Italics supplied.)

The address of the lessee is typed in the contract next to items 6 and 7. Item 6, which is entitled "Equipment Location," and item 7, which is entitled "Lessee's Address," have only the following words typed as the address for both the equipment location and lessee's address: "9250 Lower Azusa Road, Temple City, California." No director's or officer's name is included with the above address.

An examination of the appearance of that portion of the agreement setting forth the address is indicated below:

```
                            SCHEDULE
1. TERM: ___66___months
2. RENTAL PAYMENTS: $__168.00____per month for the first___ __66_____months,
   $_____per month for the next_____months,
   $_____per month for the next_____months,
   $_____per month for the next_____months,
   $_____per month for the next_____months.
3. ADVANCE RENTALS: $_504.00___, payable at the time of signing of this schedule, to be
   applied to the___1st, 65th and 66th_____rental payments.
4. RENEWAL OPTION: $___*___          5. SECURITY DEPOSIT: $___-___
6. EQUIPMENT LOCATION:      9250 Lower Azusa Road
7. LESSEE'S ADDRESS:        Temple City, California
8. EQUIPMENT DESCRIPTION:
   1  BURROUGHS E1128 Electronic Computing/Accounting
      Machine    SN-F163864 - A23508
*$336.00 - 1st Annual Renewal Payable in Advance
  336.00 - 2nd Annual Renewal Payable in Advance
  168.00 - 3rd Annual Renewal Payable in Advance
                          not      Personal  not        Property
9. LIABILITY INSURANCE REQUIRED:_required_Injury _required_Damage
```

Following appellant's failure to make payments, respondent sued in New York, and mailed, by certified mail, a copy of the summons and complaint to the following address: "United Lumber Co., 9250 Lower Azusa Road, Temple City, California." The address did not include the name of a director or officer of the corporation.

The return receipt for service of process indicated that the service of process was received by a clerical employee and not by a person who was or is a director or officer of the corporation.

The only issue before this court is whether or not the New York court lacked jurisdiction over appellant on the ground that service of process was not made on a proper party to receive service. If the New York judgment was rendered in excess of the New York court's jurisdiction, it will not be enforced in California (*Bierl* v. *McMahon* (1969) 270 Cal. App.2d 97, 101 [75 Cal.Rptr. 473]), and granting the summary judgment would be error.

Appellant does not question the provision in the contract providing for litigation in New York courts. Parties may agree in advance to submit to the jurisdiction of a given court. (*Emerson Radio & Phonograph Corp.* v. *Eskind* (1957) 32 Misc.2d 1038 [228 N.Y.S.2d 841].) However, appellant contends that service of process on its clerical employee was defective and that only a proper corporate officer or director may receive notice of the action against it. Generally speaking, the person served must be one who is for that purpose a representative of the corporation (*Polacsek* v. *American Iron & Steel Mfg. Co.* (1914) 164 App.Div. 924 [149 N.Y.S. 372]; *Starke* v. *S. C. Beckwith Special Agency* (1919) 227 N.Y. 42 [124 N.E. 96] revg. 176 App.Div. 910 [162 N.Y.S. 1145]), and service on one who holds a clerical position is insufficient. (*Baker* v. *New York Cent. R. Co.* (1939) 258 App.Div. 854 [16 N.Y.S.2d 78].) However, since parties may make stipulations waiving service of process entirely, and since they may agree to methods of service other than service within the jurisdiction (*Gilbert* v. *Burnstine* (1931) 255 N.Y. 348 [174 N.E. 706, 708]; *Pohlers* v. *Exeter Mfg. Co.* (1944) 293 N.Y. 274 [56 N.E.2d 582]), it follows that parties should be able to consent to service of process on the corporation by delivery of notice to one who is neither a director nor an officer of a corporation.

The Restatement of Conflicts is in accord. Restatement of Conflicts,

section 32, comment i, dealing with consent to jurisdiction by an individual reads as follows:

"*Notice and opportunity to be heard.* A person may by his consent waive the requirements of notice and opportunity to be heard. Thus, when the maker of a note gives the holder a power to appoint an attorney to appear for him in a designated state in any action brought upon the note and to confess judgment against him, he may not only confer jurisdiction upon the court in which the action is brought but may also make it unnecessary to give him notice of the action and an opportunity to be heard before judgment is rendered against him (see § 25, Comment g)."[1]

Restatement of Conflicts, section 41, comment c, page 170, reads in part as follows: "A domestic corporation, like an individual or a foreign corporation, may waive the requirement of notice by its consent . . . or by making a general appearance . . . ."

In *Barnes* v. *Hilton* (1953) 118 Cal.App.2d 108 [257 P.2d 98], it was held that a confession of judgment in a California court, not executed by the defendant himself, was void because it did not comply with the specific requirements of section 1133 of the Code of Civil Procedure. But that decision merely establishes the law of California as to judgments entered in a California court. In the case at bench we are concerned with the law of New York, where the judgment herein relied on was entered. We find nothing to indicate that the New York law differs from the Restatement rules above quoted.

Since we conclude that the judgment obtained in New York satisfied the procedural requirements of that state, it is entitled to full faith and credit in California unless those procedures violate basic due process. We do not believe that they do. In the case at bench, appellant consented, in paragraph 16 of the contract, to have service "directed to the lessee at the address hereinabove stated." Since the lessee's own address was a matter within its own knowledge, it was its obligation to have inserted in section 7 (the item listing the lessee's address) a more complete address than was

---

[1]Restatement of Conflicts, section 25, comment g, reads as follows:

"*Consent or appearance.* As a defendant may by consent or by a general appearance in an action subject himself to the judicial jurisdiction of a state (see §§ 32-33), so he may by consent or appearance dispense with the requirement of notice. Thus, when the maker of a note gives the holder power to appoint an attorney to appear for him in any action brought in a designated state upon the note and to confess judgment against him, he may not only confer judicial jurisdiction upon the state in which the action is brought but also may make it unnecessary to give him notice of the action and an opportunity to be heard before judgment is rendered against him (see § 32, Comment g)."

given if one was desired.[2] The burden was on appellant to provide its own address in proper detail, where it agreed in the contract to have service of process mailed to the address. There is no suggestion of unequal bargaining power or other aspects of adhesion contracts. Although the contract form was printed by respondent, the lessee's address was typed in, and therefore it was a matter open to negotiation by appellant. Appellant could have protected itself by including the name of an officer or director in item 7. We hold that, under section 16 of the contract, appellant consented to receive service of process by delivery of notice to one other than a director or a corporate officer.

The principle behind a New York decision is consistent with our finding that appellant had the opportunity to supply a more complete address where it agrees by contract to have service of process mailed to the address in that contract. The New York case held that where a copy of service of process mailed by the Secretary of State to a foreign corporation never reached the corporation because the corporation had erred in advising the secretary of its correct address, this was not such inadvertence as would warrant relief against default judgment. (*General Crane Service* v. *Whiting-Turner Con. Co.* (1960) 27 Misc.2d 403 [208 N.Y.S.2d 244].)

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

---

[2]This also answers the lessee's contention that the single address typed opposite items 6 and 7 did not satisfy the provision for an address of the lessee. Clearly the single address was intended to supply the data for both items.