[Civ. No. 20462. Third Dist. Mar. 23, 1981.]

TANDY CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
WILLIAM LEKOFF et al., Real Parties in Interest.

912

COUNSEL

Toy & Coleman and John R. Toy for Petitioner.

No appearance for Respondent.

Crow, Lytle, Gilwee, Donoghue, Adler & Weninger and Gerald J. Adler for Real Parties in Interest.

OPINION

**REGAN, Acting P. J.**—Petitioner, a defendant in a wrongful death action, seeks a writ of mandate to compel the grant of its motions to quash service and dismiss it from the action on the basis that service of summons and return thereof had not occurred within three years of the commencement of the action, as required by Code of Civil Procedure section 581a, subdivision (a).[1]

■ Upon examination of the petition, the opposition, and their supporting materials, we conclude that the respondent court erred in denying the motions. Real parties attempted service under section 415.30 by mailing copies of the summons and first amended complaint, and the appropriate notice and acknowledgment of receipt of summons (§ 415.30, subd. (a)), to petitioner's agent for service in California by certified mail, return receipt requested. However, the acknowledgement was not executed and returned by the agent, hence service was not completed. (§ 415.30, subd. (c).) The postal service return receipt does not suffice as a substitute for an executed acknowledgement of receipt of summons. Similarly, service was not completed under section 415.40 inasmuch as no person outside this state was involved. Nor was service sufficient under section 415.20. ■ In order to obtain in personam jurisdiction by a form of constructive service, there must be strict compliance with the requisite statutory procedures. (*Stamps v. Superior Court* (1971) 14 Cal.App.3d 108, 109 [92 Cal.Rptr. 151].) ■ Real parties have not complied with any applicable manner of service prescribed by any California statute.

Subsequent to the respondent court's order denying petitioner's motions to quash and dismiss (and subsequent to the expiration of the three-year period), real parties personally served petitioner. This of course was too late under section 581a, subdivision (a), unless the tardiness may be excused pursuant to the limited principles delineated in

---

[1]All further statutory references are to the Code of Civil Procedure.

*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714 [170 Cal.Rptr. 790, 621 P.2d 829].

■ The petition herein was served upon real parties, who filed responsive points and authorities. This court is thus empowered to issue a peremptory writ without prior issuance of an alternative writ. (Code Civ. Proc., § 1088; *Central & West Basin Water etc. Dist.* v. *Wong* (1976) 55 Cal.App.3d 191, 196 [127 Cal.Rptr. 448]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Accordingly, let a peremptory writ of mandate issue directing the trial court to vacate its order denying petitioner's motions to quash service and dismiss, and to grant said motions; unless after conducting an evidentiary hearing upon motion brought within 30 days after finality of this writ the trial court concludes that real parties' failure to serve summons and make return thereof within the statutory period is excused under *Hocharian* v. *Superior Court, supra*, 28 Cal.3d 714.

Paras, J., and Blease, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied May 21, 1981.