[Nos. C011373, C012371. Third Dist. Jan. 12, 1994.]

JAMES M. EVANS, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES et al., Defendants and
Appellants.

## Counsel

Daniel E. Lungren, Attorney General, Robert L. Mukai, Chief Assistant Attorney General, Floyd D. Shimomura, Assistant Attorney General,

Linda A. Cabatic, Susan P. Underwood and Geoffrey L. Graybill, Deputy Attorneys General, for Defendants and Appellants.

Daniel Robert Lang, Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston, Karen Leaf and Ann Perrin Farina for Plaintiff and Respondent.

**OPINION**

**SCOTLAND, J.**—The Department of Motor Vehicles (DMV) and its director, A.A. Pierce, appeal from the trial court's issuance of a peremptory writ of mandate setting aside DMV's order revoking the automobile dismantler's license of James M. Evans, doing business as Rio Linda Auto Wreckers and A to Z Auto Dismantlers, and from the court's subsequent order awarding attorney fees to Evans pursuant to Code of Civil Procedure section 1028.5 or, alternatively, Government Code section 800. Evans appeals from the trial court's order denying an award of attorney fees pursuant to the federal Civil Rights Act (42 U.S.C. § 1988).

The key issues presented in this appeal are (1) whether California's statutory scheme for serving notice of an accusation and hearing seeking to revoke an automobile dismantler's license is reasonably calculated to give the licensee notice of the accusation and hearing and, thus, satisfies due process of law, and (2) whether DMV abused its discretion in rejecting Evans's claim that his default should be set aside on the ground that, although the notice was in fact delivered to his established place of business, he did not receive it.

The trial court concluded that, even though DMV complied with the statutory scheme and the notice was delivered to Evans's business, the statutory scheme is unconstitutional as applied to the facts of this case because Evans did not receive actual notice of the proceeding (a person residing on the business property received the notice in the mail but allegedly failed to give it to Evans) and DMV did not provide Evans with a hearing to establish lack of actual notice.

We agree with DMV that the trial court erred in so ruling. As we shall explain, the statutory scheme for serving notice of a disciplinary proceeding by certified mail at the dismantler's established place of business satisfies due process because it is reasonably calculated to provide the dismantler with notice of the proceeding. That the dismantler allegedly did not receive the notice which was served at the place of business does not render the statutory scheme unconstitutional because actual notice is not a necessary

element of proper service in a disciplinary proceeding. Even though the service complied with due process of law, DMV nevertheless had discretion to grant relief from default upon an adequate showing that Evans did not in fact receive notice of the accusation and hearing. However, the bare, unsworn allegation in Evans's petition for reconsideration alleging he did not receive notice, unaccompanied by any showing that the lack of notice was not due to his avoidance of service or inexcusable neglect, was insufficient to compel DMV to set aside Evans's default. Consequently, we shall reverse the trial court's order granting a peremptory writ of mandate, and will direct the court to enter a new and different order denying Evans's petition. Because Evans no longer is the prevailing party, we shall reverse the award of attorney fees.

## FACTS AND PROCEDURAL BACKGROUND

On May 24, 1989, DMV issued an accusation against Evans, alleging numerous violations of statutes and regulations governing automobile dismantling, and seeking to suspend or revoke his automobile dismantler's license. The accusation, along with a notice of hearing, was served by certified mail at the address of record for Evans's established place of business, 6715 West Sixth Street in Rio Linda, California. The return receipt which had two signature lines, one marked "address" and the other marked "agent," was signed by Linda Courtain on the line marked "address."

On August 14, 1989, the evidentiary hearing was held before an administrative law judge. Evans did not appear at the hearing. On November 7, 1989, DMV issued its decision revoking Evans's license. On November 15, 1989, a copy of the decision was served by certified mail at Evans's business address. The return receipt was signed by Evans's wife on the line marked "address."

On December 11, 1989, Evans wrote to DMV requesting reconsideration of its decision on the ground he did not receive notice of the hearing. DMV set aside the decision revoking Evans's license and remanded the matter "not for a hearing de novo but for the sole purpose of allowing [Evans] to offer evidence in extenuation and mitigation" concerning the appropriate license discipline.

At the rehearing, Evans's attorney asked to have a hearing de novo "on all matters" (including the threshold issue whether Evans's businesses had violated the law) because Evans had not received notice of the first hearing. DMV's counsel responded that, since DMV had limited the rehearing to production of evidence in mitigation or extenuation concerning the appropriate discipline, Evans was not entitled to attack the findings made at the

previous hearing that Evans had violated applicable statutes and regulations governing automobile dismantlers. The administrative law judge agreed with DMV and restricted the hearing accordingly.

Following the rehearing, the administrative law judge found Evans had not shown sufficient mitigation or extenuation to modify the original order revoking his license. This decision was adopted by DMV. On May 7, 1990, a DMV agent demanded that both of Evans's businesses, Rio Linda Auto Wreckers and A to Z Auto Dismantlers, cease operation at noon and that Evans turn over all his books and records to DMV.

Evans then filed a petition for writ of mandate pursuant to Code of Civil Procedure section 1094.5 and 42 United States Code section 1983. He argued that DMV revoked his license without proper notice and hearing, thereby violating his right to due process under both the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution.

In his declaration in support of the petition, Evans stated he did not receive a copy of the accusation and notice of hearing prior to the administrative hearing on August 14, 1989. He declared the property used by Rio Linda Auto Wreckers at 6715 West Sixth Street in Rio Linda is a ten-acre parcel with five structures on it: a small cottage at the front of the property adjacent to West Sixth Street, a garage directly behind the cottage, an office building, and two storage sheds. Until July 1989, mail for Rio Linda Auto Wreckers was delivered to a mailbox across the street. Linda Courtain, who signed the return receipt, resided in the small cottage on the property with her brother, Ralph Bettes. Bettes was employed by Rio Linda Auto Wreckers between February 1985 and July 1989. According to Evans, neither Bettes nor Courtain was authorized to receive mail on behalf of Evans or his businesses. Evans claimed that no one gave him the accusation and notice of hearing. He did not learn of the hearing until November 24, 1989, when he received a copy of DMV's decision to revoke his license. He declared he had never been given an opportunity to be heard on the merits of the charges contained in the accusation.

DMV retorted that it properly provided notice of the accusation and hearing in compliance with Government Code sections 8311 and 11505, subdivision (c), which permit service by registered or certified mail where, as here, a statute or agency rule requires the respondent to file his or her address with the agency and to notify the agency of any change in address. DMV argued that Evans failed to provide DMV with a complete address which would prevent the accusation from being served at the wrong structure

at Evans's place of business. Hence, it was Evans's fault he did not receive notice.

The trial court granted Evans's petition for a writ of mandate, ruling as follows: "[G]iv[en] the circumstances of this particular case the[y] seem to be somewhat unique. I believe service was not properly [e]ffected, and consequently, I think the writ should be granted, and [DMV] should be directed to conduct a new hearing with respect to all issues, including the issue of whether service was properly obtained and received and the excuses for that. . . . [¶] So, I will grant the writ on the grounds there has been improper and not sufficient notice in this particular case given the peculiar facts of this case, and so, it's unconstitutional as applied in this case. [¶] I am not making a blanket decision that the certified or registered mail procedure is unconstitutional, per se. I don't think the Court needs to reach that issue on the facts of this case."

The trial court's earlier comments at the hearing on Evans's petition for writ of mandate indicate the court believed (1) that where, as here, the return receipt showed the accusation and notice was received by someone other than the licensee or the licensee's agent, the burden was on DMV to ensure that the licensee, Evans, received actual notice of the hearing "before a substantial right is taken," (2) that DMV should have provided Evans with a hearing on whether he actually received the notice served by certified mail at his established place of business, and (3) that DMV denied Evans a fair hearing by providing only a limited rehearing in which he could produce evidence of mitigation but could not present a defense to the charges upon which the discipline was based.

The court subsequently awarded Evans $7,500 in attorney fees pursuant to Code of Civil Procedure section 1028.5 or, alternatively, Government Code section 800, but denied an award of attorney fees under 42 United States Code section 1988.

DISCUSSION

■ DMV contends the trial court erred in concluding that the statutory scheme governing DMV's service of the accusation and notice of hearing is unconstitutional as applied to this case on the ground that evidence presented at the hearing on the writ petition indicated Evans never received the notice served by DMV, and DMV did not give Evans a hearing to determine whether he actually received the notice. According to DMV, despite Evans's claim that he did not personally receive the notice DMV served by certified mail at his business address, said service complied with statutes governing

service of accusations seeking revocation of an automobile dismantler's license and satisfied due process of law. ■■■■ We agree.[1]

■ "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance. . . . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied. . . . [¶] . . . The means employed [to give notice to interested parties] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . . ." (*Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 314-315 [94 L.Ed. 865, 873-874, 70 S.Ct. 652], citations omitted.)

■ *Mullane* makes it clear that due process of law does not require actual notice, but only a method reasonably certain to accomplish that end. (339 U.S. at p. 319 [94 L.Ed. at p. 876]; *Conservatorship of Wyatt* (1987) 195 Cal.App.3d 391, 395 [240 Cal.Rptr. 632]; *Chesney* v. *Gresham* (1976) 64 Cal.App.3d 120, 129 [134 Cal.Rptr. 238].) "If the form of substituted service is reasonably calculated to give an interested party actual notice of the proceedings and an opportunity to be heard, the traditional notions of fair play and substantial justice implicit in due process are satisfied." (*M. Lowenstein & Sons, Inc.* v. *Superior Court* (1978) 80 Cal.App.3d 762, 768 [145 Cal.Rptr. 814].)

■ As we shall explain, our review of California's statutory method for serving notice of an accusation and hearing seeking to revoke an automobile

---

[1] In reviewing an administrative decision made after a hearing, the superior court must determine whether the administrative agency "has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the [administrative agency] has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).) When an administrative decision substantially affects a fundamental vested right, such as the revocation of a professional license, the independent judgment standard of review applies. (*Berlinghieri* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 392, 395-396 [188 Cal.Rptr. 891, 657 P.2d 383]; *Terry York Imports, Inc.* v. *Department of Motor Vehicles* (1987) 197 Cal.App.3d 307, 311-312 [242 Cal.Rptr. 790].) The superior court must examine the administrative record for errors of law and exercise its independent judgment upon the evidence. (*Ibid.*; Code Civ. Proc., § 1094.5, subd. (c).) The appellate court must sustain the superior court's factual findings if substantial evidence supports them. (*Pasadena Unified Sch. Dist.* v. *Commission on Professional Competence* (1977) 20 Cal.3d 309, 314 [142 Cal.Rptr. 439, 572 P.2d 53].)

dismantler's license leads us to conclude that the method is reasonably calculated to give the licensee notice of the accusation and hearing and, thus, satisfies due process of law.

Automobile dismantling is a closely regulated industry for the protection of the public. (*People* v. *Shope* (1982) 128 Cal.App.3d 816, 823-824 [180 Cal.Rptr. 567]; *People* v. *Easley* (1979) 90 Cal.App.3d 440, 445 [153 Cal.Rptr. 396].) As such, an automobile dismantler is subject to strict compliance with numerous statutes and regulations (see Veh. Code, § 11500 et seq. and statutes set forth in § 11509; Cal. Code Regs., tit. 13, former § 413.01 et seq. (now § 304.01 et seq.)), including the requirement that the dismantler keep DMV apprised of the location of his or her established place of business. (Veh. Code, § 11513.) The address notification requirement is essential to DMV's ability to closely scrutinize and regulate the dismantler's activities. It notifies DMV where notices may be sent, (Gov. Code, § 11505, subd. (c); Veh. Code, § 11513), where DMV may inspect vehicles in the dismantler's possession (Veh. Code, §§ 1655, 10656), as well as where pertinent records, which are subject to inspection by DMV, are maintained. (Veh. Code, §§ 320, subd. (b), 11505, subd. (c); Cal. Code Regs., tit. 13, former §§ 413.07, 413.08 ( now §§ 304.12, 304.14).)

In addition to the address notification requirement, the dismantler is required to erect a 32-square-foot sign "providing information relating to the automobile dismantler's name and the location and address of his established place of business so as to enable any person doing business with such automobile dismantler to identify him properly." (Veh. Code, § 11514.) The sign "shall be of a permanent nature, erected on the exterior of the office or the dismantling area, and constructed or painted so as to withstand reasonable climatic effects." (Cal. Code Regs., tit. 13, former § 413.02 (now § 304.04).)

Vehicle Code section 11509, subdivisions (a) and (b) provide that, after notice and hearing, DMV may suspend or revoke the license issued to an automobile dismantler if DMV determines the licensee committed certain enumerated acts.[2] The means of providing notice of an accusation and hearing is set forth in Government Code section 11505, subdivision (c),

---

[2]Vehicle Code section 11509 provides in pertinent part: "(a) The department, after notice and hearing, may suspend or revoke the license issued to an automobile dismantler upon the determination that the person to whom the license was issued is not lawfully entitled thereto or has done any of the following: . . . [¶] (b) Any of the causes specified in this chapter as a cause for refusal to issue a license to an automobile dismantler applicant is cause, after notice and hearing, to suspend or revoke a license and special plates issued to an automobile dismantler."

which applies to automobile dismantler license revocation hearings. (Veh. Code, § 11509, subd. (c).)[3]

Government Code section 11505, subdivision (c) provides: "The accusation and all accompanying information may be sent to respondent by any means selected by the agency. But no order adversely affecting the rights of the respondent shall be made by the agency in any case unless the respondent shall have been served personally *or by registered mail as provided herein*, or shall have filed a notice of defense or otherwise appeared. Service may be proved in the manner authorized in civil actions. *Service by registered mail shall be effective if a statute or agency rule requires respondent to file his address with the agency and to notify the agency of any change, and if a registered letter containing the accusation and accompanying material is mailed, addressed to respondent at the latest address on file with the agency.*" (Italics added.)

As we have noted, Vehicle Code section 11513 requires an automobile dismantler to keep DMV apprised of the location of the dismantler's established place of business.[4] The established place of business is the place where the dismantler keeps his or her books and records. (Veh. Code, § 320.)[5] In accordance with Government Code section 8311, service by certified mail at the automobile dismantler's established place of business

---

[3]Vehicle Code section 11509, subdivision (c) states: "Except as provided in Section 11509.1, every hearing provided for in this chapter shall be held pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code."

[4]Vehicle Code section 11513 provides: "(a) The department shall not issue an automobile dismantler's license to any applicant for that license who has not an established place of business as defined in this code. If the automobile dismantler changes the site or location of his or her established place of business, he or she shall immediately upon making the change notify the department. If the automobile dismantler, for any reason ceases to be in possession of an established place of business from and on which he or she conducts the business for which he or she is licensed, he or she shall immediately notify the department and, upon demand by the department, shall deliver to the department the automobile dismantler's license, and all books and forms provided by the department in his or her possession. [¶] (b) Any person licensed under this chapter who has closed his or her established place of business may be served with process issued pursuant to Chapter 5 (commencing with Section 11500) of Part 1 of Division 3 of Title 2 of the Government Code by registered mail at that place of business, unless the person has notified the department in writing of another address where service may be made."

[5]Vehicle Code section 320 provides in pertinent part: " 'Established place of business' is a place actually occupied either continuously or at regular periods by any of the following: [¶] . . . [¶] (b) An automobile dismantler where the books and records pertinent to the type of business being conducted are kept. . . ."

shall be deemed sufficient compliance with any requirement that notice be provided by registered mail.[6]

DMV correctly contends that its service of the accusation and notice of hearing on Evans via certified mail sent to his established place of business in compliance with Government Code sections 11505 and 8311 satisfied due process of law. As specified above, these sections provide that, where a party is required to file his or her address with an agency, service by certified mail "shall be effective . . . if a [certified] letter containing the accusation and accompanying material is mailed, addressed [to the party] at the latest address on file with the agency." The statute does not require proof of service in the form of a return receipt signed by the party or other acknowledgment of receipt by the party, unlike other statutes governing service by mail. (See, e.g., Code Civ. Proc., §§ 415.30, 415.40, 417.10, 417.20; see also *Johnson & Johnson* v. *Superior Court* (1985) 38 Cal.3d 243, 255 [211 Cal.Rptr. 517, 695 P.2d 1058]; *Taylor-Rush* v. *Multitech Corp.* (1990) 217 Cal.App.3d 103, 110 [265 Cal.Rptr. 672]; *Neadeau* v. *Foster* (1982) 129 Cal.App.3d 234, 237 [180 Cal.Rptr. 806].)

The statutory scheme governing notice to automobile dismantlers is analogous to that which applies in State Bar cases concerning attorney discipline. An attorney is required to keep the State Bar apprised of his or her current office address. (Bus. & Prof. Code, § 6002.1, subd. (a).) A notice initiating a disciplinary proceeding "may be served upon the member or former member of the State Bar to whom it is directed by certified mail, return receipt requested, addressed to the member or former member at the latest address shown on the official membership records of the State Bar. The service is complete at the time of the mailing. . . ." (Bus. & Prof. Code, § 6002.1, subd. (c).) The California Supreme Court has determined that proper service is effected by mailing a notice in compliance with section 6002.1, subdivision (c). (*Middleton* v. *State Bar* (1990) 51 Cal.3d 548, 559 [273 Cal.Rptr. 321, 796 P.2d 1326].) Actual notice is *not* a necessary element of proper service in disciplinary proceedings (*id.*, at p. 558), even where the failure to receive notice is not the attorney's fault. (*Id.*, at p. 559.)

Likewise, we conclude that an accusation and notice of hearing sent to an automobile dismantler by certified mail at his or her established place of business is reasonably calculated to provide the dismantler with actual notice of the proceedings against the dismantler. An automobile dismantler is

---

[6]Government Code section 8311 provides: "Wherever any notice or other communication is required by any law to be mailed by registered mail to or by the state, or any officer or any agency thereof, the mailing of such notice or other communication by certified mail shall be deemed to be a sufficient compliance with the requirements of such law."

presumed to be aware of the statutes and regulations governing his or her business. Therefore, the dismantler knows that he or she must keep DMV apprised of the location of the dismantler's business and that he or she may receive important notices and communications from DMV at this address. The dismantler is in the best position to ensure the receipt of such notices by providing DMV with the most complete address available, a matter within the dismantler's knowledge. (Cf. *National Equipment Rental, Ltd.* v. *United Lumber Co.* (1972) 24 Cal.App.3d 1012, 1016-1017 [101 Cal.Rptr. 291].) Furthermore, the dismantler has control over who lives or works at the premises. The dismantler can ensure that these residents or employees are responsible persons and can impress upon them the importance of bringing to the dismantler's attention any notices received from DMV. Hence, a certified letter mailed to the address provided by the dismantler and clearly designated by the sign required by Vehicle Code section 11514 is reasonably calculated to provide actual notice to the dismantler as the chances of misdelivery are minimal.

Here, the return receipt and DMV's certificate of service by certified mail disclose that DMV complied with the procedure for constructive service set forth in Government Code section 11505, subdivision (c) and show that the notice of accusation and hearing concerning Evans's license was delivered to his established place of business by certified mail. Consequently, DMV obtained personal jurisdiction over Evans (*Tandy Corp.* v. *Superior Court* (1981) 117 Cal.App.3d 911, 913 [173 Cal.Rptr. 81]) and provided him with notice reasonably calculated, under all the circumstances, to apprise him of the pendency of the proceedings against his license so as to afford him an opportunity to be heard.

The fact that Evans allegedly did not receive the notice personally, and thus did not attend the hearing, does not mean the notice deprived him of due process. As we have noted, due process of law does not require actual notice, but only a method reasonably certain to accomplish that end. (*Mullane* v. *Central Hanover Tr. Co., supra,* 339 U.S. at p. 319 [94 L.Ed. at p. 876]; *Conservatorship of Wyatt, supra,* 195 Cal.App.3d at p. 395; *Chesney* v. *Gresham, supra,* 64 Cal.App.3d at p. 129.)

Evans suggests that DMV's proof of mailing creates only a presumption the mail was delivered (Evid. Code, § 641 [a letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail]) and that he presented evidence to rebut this presumption by showing the accusation and notice of hearing were not delivered to Evans or his agent. This argument misses the point. It is unquestioned that the certified mail was in fact delivered to Evans's established place of business. That

Evans did not personally receive the accusation and notice of hearing does not establish lack of proper notice because, as we have explained, the statutory scheme requires only notice by registered or certified mail to the licensee's established place of business—not to the licensee personally—and such notice satisfies due process of law because it is reasonably calculated to provide the licensee with notice.

Evans has cited no authority, and we have found none, for the proposition that, absent a statutory requirement of actual service on the licensee or agent thereof, service which is reasonably calculated to provide a licensee with notice of an accusation or hearing fails to satisfy due process of law simply because the licensee claims that, although the notice was in fact served, the licensee or agent never received it personally.

Hence, the trial court erred in concluding that DMV's service of the accusation and notice of hearing by certified mail to Evans's established place of business deprived Evans of his constitutional right to due process of law.

■■■ This does not end our inquiry because, even though DMV's service of the accusation and notice of hearing complied with the law and was consistent with due process, DMV nonetheless had discretion to grant relief from default (Gov. Code, § 11506)[7] and reconsider its decision (Gov. Code, § 11521)[8] based upon a showing that Evans had not received actual notice of the accusation and hearing.

---

[7]Government Code section 11506 provides in pertinent part: "(a) Within 15 days after service upon him of the accusation the respondent may file with the agency a notice of defense . . . . [¶] (b) The respondent shall be entitled to a hearing on the merits if he files a notice of defense, and any such notice shall be deemed a specific denial of all parts of the accusation not expressly admitted. Failure to file such notice shall constitute a waiver of respondent's right to a hearing, but the agency in its discretion may nevertheless grant a hearing. . . ."

[8]Government Code section 11521 provides in pertinent part: "(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If additional time is needed to evaluate a petition for reconsideration filed prior to the expiration of any of the applicable periods, an agency may grant a stay of that expiration for no more than 10 days, solely for the purpose of considering the petition. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition shall be deemed denied. [¶] (b) The case may be reconsidered by the agency itself on all the pertinent parts of the record and such additional evidence and argument as may be permitted, or may be assigned to an administrative law judge. A reconsideration assigned to an administrative law judge shall be subject to the procedure

In its written order, the trial court held that DMV "abused its discretion in refusing to consider Mr. Evans's objection, made in a December 11, 1989 letter and at the February 16, 1990 hearing, that he had not been served with the accusation and notice of hearing . . . prior to the default hearing at which [his] dismantler's license and special plates were revoked, and in granting [him] a limited rehearing at which . . . he was not permitted to examine and cross-examine witnesses and present a defense to the charges on which his dismantler's license and special plates were revoked."

The record does not support the trial court's determination. On December 11, 1989, 17 days after he was informed of his license revocation, Evans wrote a letter to DMV requesting reconsideration of its decision. The sole support for his request was Evans's unsworn statement that he did not receive notice of the hearing. Although DMV had discretion to grant relief from default and reconsider its decision in light of the abbreviated showing made by Evans (*Lindell Co.* v. *Board of Permit Appeals* (1943) 23 Cal.2d 303, 319 [144 P.2d 4]), we cannot say DMV abused its discretion in not remanding the matter for a hearing regarding whether Evans received notice.

In analogous situations in civil actions, which provide a helpful comparison (Cal. Administrative Hearing Practice (Cont.Ed.Bar 1984) § 2.41, p. 82), a notice of motion to set aside a default judgment "shall be accompanied by an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." (Code Civ. Proc., § 473.5, subd. (b).) Moreover, where service is made by mail in compliance with the manner set forth in a statute, it is the addressee's burden to prove he or she did not receive notice. (*Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 486-487 [37 Cal.Rptr. 489]; *Tremayne* v. *American SMW Corp.* (1954) 125 Cal.App.2d 852, 854 [271 P.2d 229].)

Here, Evans merely made a bare, unsworn allegation that he had not received notice of the hearing; he provided no evidence or argument supporting his assertion, nor did he establish that the alleged lack of notice was not due to his avoidance of service or inexcusable neglect. In fact, Evans did not even request a hearing to present evidence on this issue.

 Evans contends his bald assertion of no notice was sufficient because, at the time he wrote the letter requesting reconsideration, he was unaware Courtain had received the notice and accusation; he knew only that he had not received them prior to the hearing. However, Evans offers no

provided in Section 11517. If oral evidence is introduced before the agency itself, no agency member may vote unless he or she heard the evidence."

explanation why, during the time between his receipt of DMV's decision and his written request for reconsideration, he did not investigate the matter and attempt to discover the facts underlying his alleged lack of notice. The onus was on Evans to provide DMV with an adequate showing that he did not receive notice and that his lack of notice was not due to his avoidance of service or inexcusable neglect. Evans failed to meet his burden.

At oral argument it was suggested that Courtain's signature on the line marked "address" rather than the line marked "agent" on the return receipt is sufficient to corroborate Evans's bald allegation that he did not receive notice of the accusation and hearing. We are unpersuaded. Because a layperson, such as Courtain, is unlikely to recognize the distinction between the two lines, Courtain's signature on the "address" line is insufficient to alert DMV that Courtain was some person of unknown relation to Evans who did not pass on the notice to him. To the contrary, the most logical and reasonable assumption is that a person signing the receipt for certified mail delivered at Evans's established place of business would give the mail to Evans. As DMV points out, its subsequent decision revoking Evans's license, served by certified mail at his place of business, got to Evans although, like the earlier notice received by Courtain, the receipt was signed by another person on the line marked "address." Hence, the mere fact that the return receipt was signed by Courtain on the "address" line is insufficient to corroborate Evans's bald assertion that he did not receive the notice and accusation served by certified mail at his established place of business. Moreover, Courtain's signature does not tend to establish that Evans's default was not due to his inexcusable neglect or avoidance of service, matters upon which Evans had the burden of proof.

 In light of (1) the specific statutory requirement that Evans notify DMV of his business address for the purpose of receiving notices (Gov. Code, § 11505, subd. (c); Veh. Code, § 11513), (2) the requirement that his business be designated clearly so it could be identified properly (Veh. Code, § 11514), (3) the fact DMV had proof that the notice and accusation were delivered by certified mail to the address provided by Evans for his established place of business, (4) the provision in Government Code section 11505, subdivision (c) that service of the notice and accusation by registered mail to the business address provided by the licensee constitutes effective service, and (5) Evans's failure to provide evidence and argument to support his unsworn claim that he did not receive the notice which was served at his place of business, and his failure to establish that the alleged lack of notice was not due to his avoidance of service or inexcusable neglect, DMV reasonably could conclude that Evans was not entitled to relief from default. Under the circumstances, DMV did not abuse its discretion in granting only

a limited rehearing to put in evidence in mitigation consistent with the provisions of the Administrative Procedure Act concerning defaults. (See Gov. Code, § 11520.)[9]

■ The dissent asserts that, by concluding Evans's petition for reconsideration was deficient for failing to provide DMV with something more than Evans's unsworn allegation unsupported by any evidence and argument establishing his entitlement to relief from default due to his alleged failure to receive the notice which was served at his place of business, we have required excessive formalism for an administrative proceeding and have imposed an unfair procedural burden on the licensee. We disagree. Although a licensee's request for reconsideration need not be in any particular form, ". . . obviously . . . a request unsupported by grounds *and argument* would not be very convincing to the agency." (Cal. Administrative Hearing Practice, *op. cit. supra*, § 4.58, p. 257, italics added.) This is a matter of common sense. Evans operates a sophisticated business entity in a highly regulated industry and had the burden of establishing that reconsideration was warranted. It should come as no surprise to a reasonable licensee engaged in such a highly regulated business that an unexplained, unsworn allegation of lack of notice will not suffice to meet the licensee's burden. Otherwise, a licensee could defeat the purpose of Government Code section 11505, subdivision (c)—which makes effective the service of notice and accusation by registered mail at the licensee's place of business—simply by asserting baldly that, even though the notice was served at the business address, the licensee never received it. In effect, the dissent would frustrate the purpose of Government Code section 11505 by unreasonably shifting to DMV the burden to negate the licensee's unsworn, unsupported claim of lack of notice, or to establish that the licensee's failure to receive the notice served by registered mail at the place of business was due to the licensee's avoidance of service or inexcusable neglect. As we have noted, Evans had control over who worked and lived at his business premises and had the means to impress upon them the importance of bringing to his attention any notices served by DMV at the business address. The logical and reasonable assumption is that a person signing the receipt for certified mail delivered at Evans's established place of business would have given the mail to Evans. Thus, Evans's bald assertion that he did not receive the notice was suspect. Under the circumstances, it is not unfair to expect that, as the licensee of a closely regulated business, Evans should have inquired about the service

---

[9]Government Code section 11520 provides in pertinent part: "(a) If the respondent fails to file a notice of defense or to appear at the hearing, the agency may take action based upon the respondent's express admissions or upon other evidence and affidavits may be used as evidence without any notice to respondent; . . . [¶] *(b) Nothing herein shall be construed to deprive the respondent of the right to make any showing by way of mitigation.*" (Italics added.)

before petitioning for reconsideration and should have supported his claim of lack of notice with some evidence and explanation as to why his alleged failure to receive the notice served at his place of business was not due to Evans's avoidance of service or inexcusable neglect.

Quoting a practice manual, Evans contends that "[w]hen an agency decides to reopen a case under statutory authorization, due process seems to require substantially the same notice and hearing as for the original hearing." (Cal. Administrative Hearing Practice, *op. cit. supra*, § 4.65, p. 264.) Apparently, he believes this means DMV was required to conduct an entirely new evidentiary hearing when it granted his request for reconsideration. He is wrong. When an agency grants reconsideration pursuant to Government Code section 11521, a de novo proceeding is not required. (*Moyer* v. *State Board of Equalization* (1956) 140 Cal.App.2d 651, 654 [295 P.2d 583].) Among other things, Government Code section 11521 provides: "(a) The agency itself may order a reconsideration of all *or part* of the case on its own motion or on petition of any party. . . ." (Italics added.)

In granting Evans's request for reconsideration, DMV remanded the matter "not for a hearing de novo but for the sole purpose of allowing [Evans] to offer evidence in extenuation and mitigation" concerning the appropriate license discipline. (Gov. Code, § 11520, subd. (b).) In other words, DMV did not grant Evans relief from default entitling him to a new hearing; it merely decided to reconsider the appropriate penalty, not whether Evans committed the various infractions alleged in the accusation. Evans was given notice of the limited new hearing and an opportunity to be heard on the subject to be reconsidered at the hearing. Nothing more was required.

Simply stated, Evans had a vehicle to obtain relief from default, but in his petition to DMV seeking reconsideration he did not establish adequately that he was entitled to such relief. Evans made no showing in the trial court that the facts alleged in his declaration in support of the petition for writ of mandate could not have been submitted to DMV in his petition for reconsideration. Nor did he demonstrate that this evidence was improperly excluded at the rehearing before the administrative law judge. Although it appears Evans was precluded at the rehearing from introducing evidence of his alleged lack of notice of the initial hearing, his tender of such evidence was too late. The scope of the rehearing already had been determined by DMV based upon Evans's inadequate showing in his letter seeking reconsideration, and Evans's letter did not request a hearing on the notice issue or suggest Evans had pertinent evidence to offer on this matter.

Hence, even assuming the facts alleged in Evans's declaration in support of his writ petition established he was entitled to relief from default

due to lack of notice, the trial court should not have considered these facts in determining that DMV abused its discretion by failing to give Evans a hearing on the notice issue. In an administrative mandamus action, judicial review is limited to matters in the administrative record. Additional evidence is admissible only if it was not available at the time of the administrative hearing or was excluded improperly from the record; Evans did not establish that either circumstance was present in this case. (*Schaeffer Land Trust* v. *San Jose City Council* (1989) 215 Cal.App.3d 612, 624-625, fn. 9 [263 Cal.Rptr. 813]; *Toyota of Visalia, Inc.* v. *New Motor Vehicle Bd.* (1987) 188 Cal.App.3d 872, 881 [233 Cal.Rptr. 708]; Code Civ. Proc., § 1094.5, subd. (e).)[10] Nor could the trial court exercise its independent judgment on the proffered evidence to determine that Evans had not received notice and was entitled to a hearing on the merits prior to the revocation of his license. (Code Civ. Proc., § 1094.5, subd. (e).)

Because the trial court wrongly concluded that DMV's service of the accusation and notice of hearing deprived Evans of his constitutional right to due process of law, and because the trial court erred in ruling that DMV abused its discretion in refusing to provide Evans with a hearing on whether he actually received the accusation and notice of hearing, the judgment must be reversed. Consequently, Evans no longer is a prevailing party and the attorney fee order must be reversed. In light of our conclusion, it is unnecessary to address the parties' contentions concerning Evans's entitlement to attorney fees.

### DISPOSITION

The trial court's judgment granting Evans's petition for writ of mandate and its subsequent order awarding Evans attorney fees are reversed. The trial court is directed to issue a new order denying Evans's petition and request for attorney fees. Evans shall pay DMV's costs on appeal.

Puglia, P. J., concurred.

BLEASE, J.—I dissent for the reason that the majority impose an unfair procedural burden on Evans to raise the issue that he failed to receive actual notice of the hearing at which his license was revoked.

---

[10]Code of Civil Procedure section 1094.5, subdivision (e) provides: "Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (f) remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."

The majority indulge the assumption, with which I agree, that, notwithstanding that the notice by certified mail satisfied the requirements of Government Code section 11505, subdivision (b), in an appropriate case reconsideration may be granted where the respondent fails to receive it.

Government Code section 11521[1] confers discretion on an administrative agency to order reconsideration "on petition of any party." Neither the section nor any other provision of law prescribes the manner or *form* of such a petition. Nonetheless, the majority opinion concludes that the form of Evans's petition was insufficient to raise the claim that reconsideration should be granted because of lack of actual notice of the disciplinary proceedings against him. "Evans merely made a bare, unsworn allegation that he had not received notice of the hearing; he provided no evidence or argument supporting his assertion, nor did he establish that the alleged lack of notice was not due to his avoidance of service or inexcusable neglect." (Maj. opn., *ante*, at p. 973.)

In my view the majority unfairly rely upon hindsight, the sort of decision which Jeremy Bentham condemned as "dog law," after the manner in which some people trained their dogs by kicking them without warning to indicate displeasure. The majority point to Code of Civil Procedure section 473.5 as the guide for the procedure that Evans should have followed. That provision, addressed to judicial proceedings, supplies a rule, which the Legislature might well be wise to enact or DMV to promulgate for application to administrative proceedings. They have not. Evans should not be faulted for failing to anticipate that he would be required to satisfy the requirements of a *judicial* procedure in an *administrative* petition for rehearing in order to perfect his claim of failure to receive actual notice.

Administrative proceedings have never been held subject to the rigorous formality of judicial proceedings. "An application for rehearing before an

---

[1]Section 11521 is as follows: "(a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if that date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration. If additional time is needed to evaluate a petition for reconsideration filed prior to the expiration of any of the applicable periods, an agency may grant a stay of that expiration for no more than 10 days, solely for the purpose of considering the petition. If no action is taken on a petition within the time allowed for ordering reconsideration, the petition shall be deemed denied.

"(b) The case may be reconsidered by the agency itself on all the pertinent parts of the record and such additional evidence and argument as may be permitted, or may be assigned to an administrative law judge. A reconsideration assigned to an administrative. law judge shall be subject to the procedure provided in Section 11517. If oral evidence is introduced before the agency itself, no agency member may vote unless he or she heard the evidence."

administrative tribunal . . . is not to be construed with the same strictness required for instance in a motion for a new trial before a court of law." (*Lindell Co.* v. *Board of Permit Appeals* (1943) 23 Cal.2d 303, 320 [144 P.2d 4].) In light of this policy the majority's borrowed formalism is unforseeable. It is also inconsistent with the statutory policy that to put in issue a defense in an administrative proceeding a respondent need only file a written notice of defense, which "need not be verified or follow any particular form." (Gov. Code, § 11506, subd. (c).)

Administrative agencies exercise enormous power over the citizenry, which, as with Evans, often lack the benefit of legal counsel until too late in the game to do any good. I cannot countenance cutting off a potentially meritorious claim of lack of actual notice of the administrative proceeding on the ground that unrepresented citizens failed to comply with unannounced procedural requirements identified only when the case has reached the appellate courts. In my view Evans's layman's letter was adequate to raise his claim that he should be granted full reconsideration and a hearing on the merits of the accusation.

Faced with Evans's claim DMV should either have granted full reconsideration, asked him to make a more formal showing, or granted provisional reconsideration to decide the merits of the claim of excusable lack of actual notice. The lattermost action could be sensibly accomplished by affording him a hearing on the merits of the accusation only if his claim of failure of actual notice was first shown to be meritorious. In failing to proceed in this manner DMV abused the discretion afforded it under Government Code section 11521 by effectively failing to entertain the potentially valid claim of excusable lack of notice.

Faced with these circumstances, the trial court did not err in considering the evidence which Evans proffered in support of his claim of excusable lack of actual notice. Code of Civil Procedure section 1094.5, subdivision (e) provides that the administrative record may be augmented "[w]here the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent . . . ." The Legislative policy which animates this provision applies to this case.

A court is not bound to suffer injustice for lack of an express statutory invitation to apply a salutary statutory policy. In the absence of an express statutory direction a court may exercise its common law powers to fill out the statutory scheme to avoid injustice. (See Traynor, *Statutes Revolving in Common-Law Orbits* (1968) 43 State Bar J. 509.) Having correctly decided

that Evans was diligent in advancing his relevant evidence concerning excusable lack of notice, the trial court could consider that evidence and resolve the merits of the question. (See Code Civ. Proc., § 1094.5, subd. (e).)

Since the resolution by the trial court presents no abuse of discretion, I would uphold the judgment insofar as it directs DMV to afford Evans a hearing on the merits of the accusation against him.

A petition for a rehearing was denied January 27, 1994, and February 10, 1994, and respondent's petition for review by the Supreme Court was denied March 31, 1994. Mosk, J., was of the opinion that the petition should be granted.