Filed 2/21/18; Modified and Certified for Pub. 3/1/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MEDICAL BOARD OF CALIFORNIA,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>    Respondent;<br><br>ALFRED EUGENE ADAMS,<br><br>    Real Party in Interest. | A152607<br><br>(City & County of San Francisco Super. Ct. No. CPF-17-515577) |

The Medical Board of California (the board) seeks a peremptory writ of mandate commanding the superior court to vacate its order and judgment setting aside the board's order revoking the medical license of real party in interest, Alfred Eugene Adams, M.D. The parties have been notified that if circumstances warrant, this court may issue a peremptory writ in the first instance. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) Having reviewed the letter from Adams dated December 18, 2017, stating his opposition to the petition and requesting additional time to submit a formal opposition, which was granted to January 5, 2018, and Adams having failed to submit any further opposition, and having considered the arguments made in the proceedings before the superior court, we conclude that a peremptory writ of mandate should be issued.

1

On September 28, 2016, the board filed an accusation against Adams alleging that he prescribed himself controlled substances, failed to participate in an interview with the board, and failed to provide the board with an accurate address. (Bus. & Prof. Code, § 2021; Cal. Code Regs., tit. 16, § 1303). The accusation was served by certified mail on his address of record in Emeryville. The unopened mail was returned to the board, stamped "Return to Sender, Unable to Forward." On November 1, 2016, the board sent a notice of default by certified mail to Adams's address of record, which was also returned, stamped "Return to Sender, Unable to Forward." The board then conducted a Lexis search for an alternate address and on November 30, 2016, served by certified mail the accusation to another address in Emeryville (close to the original address). On January 20, 2017, the board issued a default decision pursuant to Government Code[1] section 11520, revoking Adams's medical license, which was served on the same date by certified mail and first class mail to both addresses.

On April 7, 2017, Adams filed in the superior court a petition for a writ of mandate and, after a demurrer was sustained with leave to amend, an amended petition. The amended petition is based on the contention that "all attempts to serve [Adams] with a copy of the accusation and appropriate accompanying documents, and later the default decision and order of revocation were done by certified mail, and some by return receipt requested. There is no evidence of receipt. None of the evidence supports service on [Adams] as required by . . . section [8311], effective January 1, 2017." The trial court overruled the board's demurrer to the amended petition and issued an order directing the board to set aside its default decision revoking Adams's license on the ground asserted by Adams. The court concluded that the "default decision and order were not properly served per . . . [section] 8311. Section 8311 was recently amended to require a receipt be provided in order to constitute proper service per that section. The judicially noticeable documents show that Dr. Adams did not sign a receipt for the service of the default decision and order." The court's order recites that "Dr. Adams has shown that he was not

---

[1] All further statutory references are to the Government Code.

2

properly served with any of the documents leading up to and including the default decision and order."[2]

The trial court was in error in concluding that the board's service of the documents by certified mail was ineffective without a signed receipt. Section 11505, subdivision (c) authorizes service of a document adversely affecting one's rights to be made by registered mail. Prior to an amendment that became effective January 1, 2017, section 8311 (formerly section 8401) provided: "Wherever any notice or other communication is required by law to be mailed by registered mail to or by the state, or any officer or agency thereof, the mailing of such notice or other communication by certified mail shall be deemed to be a sufficient compliance with the requirements of such law." It was well established that the statute "does not require proof of service in the form of a return receipt signed by the party or other acknowledgement of receipt by the party, unlike other statutes governing service by mail." (*Evans v. Department of Motor Vehicles* (1994) 21 Cal.App.4th 958, 970.) In 2016, section 8311 was amended to also authorize "any other means of physical delivery that provides a receipt." (Stats. 2016, ch. 366, § 8.)[3] The amendment thus requires receipt for other means of physical delivery, but does not impose this requirement if service is made by certified mail.

That the amendment did not affect the sufficiency of certified mail without notice is clear from the Legislative Counsel's Digest with respect to Senate Bill No. 974 that amended section 8311. With respect to this amendment, the digest reads: "Existing law . . . specifies that, wherever any notice or communication required by laws to be mailed

---

[2] The court also rejected the Board's contention that Adams's petition was barred by the statute of limitations. In view of our conclusion that service by certified mail complied with section 8311, it is unnecessary to consider whether the trial court correctly applied the discovery rule in concluding that Adams's petition was timely.

[3] As amended, section 8311 now reads: "Wherever any notice or other communication is required by any law to be mailed by registered mail to or by the state, or any officer or agency thereof, the mailing of such notice or other communication by certified mail or any other means of physical delivery that provides a receipt shall be deemed to be a sufficient compliance with the requirements of such law."

by registered mail to or by the state, the mailing of the notice by certified mail is deemed a sufficient compliance with that requirement. [¶] This bill would authorize the use of any other means of physical delivery that provides a receipt for these communications." The commentary contains no suggestion that the amendment was intended to change existing law with respect to the sufficiency of certified mail or that the receipt requirement applies to certified mail. In context it is clear that receipt is necessary only for other means of physical delivery and that this requirement has no application to certified mail.

The board's entitlement to relief is clear and no useful purpose would be served by plenary consideration of the issue. (See *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261.) Thus, the accelerated *Palma* procedure is appropriate. (See *Palma v. U.S. Industrial Fasteners, Inc., supra,* 36 Cal.3d 171.) Therefore, let a writ of mandate issue directing the trial court to vacate its order and judgment directing the board to vacate its decision revoking Adams's license to practice medicine, and to enter a new order denying Adams's petition for a writ of mandate.

Pollak, J.

We concur:

McGuiness, Acting P.J.[*]
Jenkins, J.

---

[*] Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MEDICAL BOARD OF CALIFORNIA,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN FRANCISCO COUNTY,<br><br>Respondent;<br><br>ALFRED EUGENE ADAMS,<br><br>Real Party in Interest. | A152607<br><br>(City & County of San Francisco Super. Ct. No. CPF-17-515577)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION; NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on February 21, 2018, be modified as follows:

On page 3, line 18, the word "notice" is changed to "receipt" so the sentence reads:

> That the amendment did not affect the sufficiency of certified mail without receipt is clear from the Legislative Counsel's Digest with respect to Senate Bill No. 974 that amended section 8311.

There is no change in the judgment.

The opinion in the above-entitled matter was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.


Date: _____ _____ Acting P.J.[*]

---

[*] Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

1

| | |
|---|---|
| Trial court: | Superior Court of San Francisco County |
| Trial judge: | Honorable Harold E. Kahn |
| Counsel for petitioner: | Xavier Becerra, Attorney General, Gloria L. Castro, Senior Assistant Attorney General, Jane Zack Simon, Supervising Deputy Attorney General, Kerry Weisel and Greg W. Chambers, Deputy Attorneys General |
| Counsel for respondent: | No appearance. |
| Real party in interest: | Alfred Eugene Adams, M.D. in propria persona |

A152607