[S. F. No. 2443.   Department One. — February 28, 1901.]

## W. A. GRADE et al., Executors, Respondents, v. COUNTY OF MARIPOSA, Appellant.

TAXATION — ARBITRARY ASSESSMENT — ACTION TO RECOVER TAXES. — Upon the neglect of a taxpayer to furnish a statement to the assessor, it is his duty, under the law, to make an arbitrary assessment, and the taxpayer who pays the tax thereon under protest cannot maintain an action to recover back the taxes paid.

ID. — LETTER MAILED WITH STATEMENT — PRESUMPTION — FAILURE OF ASSESSOR TO RECEIVE STATEMENT. — The mailing of a letter by the taxpayer to the assessor, inclosing a statement of property for taxa-

tion, does not relieve him of the neglect to furnish a statement to the assessor, where the presumption that the letter was received in due course of mail is overcome by the testimony of the assessor that the letter and statement were never received.

APPEAL from a judgment of the Superior Court of Mariposa County. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

J. J. Trabucco, District Attorney, for Appellant.

J. B. Curtin, for Respondents.

GAROUTTE, J.—This action was brought to recover taxes paid by plaintiffs under protest. The county of Mariposa appeals from the judgment rendered. These taxes were paid upon an arbitrary assessment made by the assessor; and it is conceded by plaintiffs that the only point involved in this appeal rests upon the fact as to whether or not they *neglected* or *refused* to furnish the assessor the statement of real and personal property provided for by section 3629 of the Political Code.

The findings of fact made by the trial court upon the point involved are directly in line with the evidence, and are to the effect that plaintiffs, by their attorney, who lived in an adjoining county, forwarded the statement to the assessor of Mariposa County, by United States mail, properly addressed, with postage paid, but that said assessor never received the statement so forwarded. Upon these facts we are clear that plaintiffs *neglected* to furnish to the assessor the statement required by law. While section 1963 of the Code of Civil Procedure declares the presumption to be "that a letter duly directed and mailed was received in the regular course of the mail," still, that presumption is one of fact, and not conclusive, but disputable. When the statement was forwarded, as indicated by the finding, a *prima facie* case of compliance with the law was made out. But it was only *prima facie*, and was completely overthrown by the evidence of the assessor, to the effect that he never received it. Plaintiffs' acts, coupled with the presumption of fact declared by the law, in the absence of other evidence, would justify a finding in their favor. But here the court cannot indulge in the presumption that the statement was received, for the finding is directly to the contrary. If the assessor did not receive the statement, then

plaintiffs neglected to furnish it. It necessarily follows from these views that plaintiffs neglected to furnish the statement demanded by the statute, and for that reason it was the duty of the assessor, under the law, to enter an arbitrary assessment against them.

For the foregoing reasons the judgment is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.