[Civ. No. 19946.   Second Dist., Div. Two.   June 14, 1954.]

KENNETH E. TREMAYNE, Respondent, v. AMERICAN SMW CORPORATION (a Corporation) et al., Defendants; TIMOTHY L. WOODS et al., Appellants.

Earl C. Broady and Rufus W. Johnson for Appellants.

Boris Raynes and Samuel C. Colby for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in an action to recover upon a written guaranty of an account, after trial before the court without a jury, defendants Timothy L. Woods and James Woods, hereinafter referred to as defendants, appeal.

*Facts :\** Defendant American SMW Corporation became indebted to plaintiffs' assignor for goods, wares and merchandise furnished to said defendants in the sum of $7,533.14. Defendants guaranteed the foregoing account by a writing reading as follows:

"In consideration of the extension of credit to AMERICAN SMW Corp., whose business is conducted at 118 W. 5th Street, Santa Ana, California and in which corporation we are financially interested, we hereby, jointly and severally, guarantee to MAHL MANUFACTURING Co. payment when due of its account with said AMERICAN SMW CORP.

"We hereby waive notice of nonpayment and notice of failure of collection of said account. This is a continuing guarantee and shall be in force and effect until cancelled in writing.

"In witness whereof we have hereunto set our hands and seals in the City of Los Angeles, State of California, this 5th day of September, 1950."

The foregoing guaranty was not cancelled by defendants prior to the time the above mentioned indebtedness was incurred.

■ *Question: Was this finding of the trial court sustained by substantial evidence:*

*"That it is not true that defendants Timothy L. Woods and James Woods cancelled their written guaranty by serv-*

---

*The evidence is viewed in the light most favorable to plaintiff (respondent) pursuant to the rules set forth in *Estate of Isenberg*, 63 Cal.App.2d 214, 216 [2] [146 P.2d 424]. See also cases cited in 6 West's Cal. Dig (1951), Appeal & Error, § 931, p. 422.

*ing on plaintiff's assignor a notice in writing of cancellation of said written guaranty"?*

*Yes.* Defendants introduced evidence that a letter cancelling their guaranty duly stamped and addressed to plaintiff was deposited in a United States mail box in the City of Los Angeles on December 14, 1950, between the hours of 8 and 9 p. m., and that the letter had a return address on it but was never returned to them.

Fred J. Carpenter, credit manager and office manager for the Mahl Manufacturing Company, testified that in the handling of incoming mail by the Mahl Manufacturing Company this procedure was followed: The postman delivered all the mail to the telephone operator who then delivered it to Miss Paula Young, Mr. Carpenter's secretary, who in turn opened it, sorted it into piles on her desk which were then inspected by Mr. Carpenter to see how the accounts were affected, after which the mail was distributed to various departments. He also testified that the letter mailed by defendants on December 14, 1950, had never been received in his office.

The foregoing testimony sustains the above finding.

■ The presumption in the Code of Civil Procedure, section 1963, subdivision 24, that a letter duly mailed was received by an addressee is not a conclusive one, but may be rebutted by satisfactory evidence to the contrary. It is a question of fact for the trial court to determine whether the presumption that the letter duly mailed was received by the addressee was overcome by the evidence introduced by the addressee that it was not received. (*Grade* v. *Mariposa County,* 132 Cal. 75, 76 [64 P. 117]; *Frieden* v. *Cluett, P. & Co.,* 142 Va. 738 [128 S.E. 61, 64]; *McFerren* v. *Goldsmith-Stern Co.,* 137 Md. 573 [113 A. 107, 109, 18 A.L.R. 1125].)

Mr. Carpenter's testimony constituted substantial evidence to sustain the above finding.

Therefore since defendants' guaranty was a continuing one it remained in force until notice of termination of the guarantor's liability was given to plaintiff. This, under the findings of the trial court, which were sustained by substantial evidence, was not done.

Since defendants have stipulated to the existence of the other elements of plaintiff's cause of action, the judgment is affirmed.

Moore, P. J., and Fox, J., concurred.