[Civ. No. 19292. First Dist., Div. One. Mar. 20, 1961.]

ISAIAH L. BOTTOM, Appellant, v. KATHRYN M. BOTTOM, Respondent.

Borah R. Hansen for Appellant.

Pierre A. Fontaine for Respondent.

BRAY, P. J.—Appellant (plaintiff in this action) appeals from a judgment in favor of respondent in an action to set aside a default and default judgment in a divorce action in which appellant was the defendant.

QUESTIONS PRESENTED:

1. Sufficiency of the evidence to support finding that appellant received notice that his default would be taken.

2. Were other findings supported: (a) that appellant did not allege good and sufficient defense to the divorce action; (b) as to appellant's take-home pay.

3. Alleged failure to find whether or not Attorney Kennedy received the letter of May 24.

4. Denial of second and third amendments to complaint.

### RECORD

Respondent filed complaint for divorce March 14, 1956. Appellant was served with summons and complaint on March 29. Some weeks thereafter a reconciliation was attempted but it failed to work out. Appellant then retained Attorney Wainwright to represent him, who informed appellant that he had a good defense to the action. July 21 Wainwright telephoned respondent's attorney, Fontaine, informed him that he was representing appellant, and requested that default not be taken without notifying Wainwright in advance. July 27 Wainwright wrote Fontaine a letter confirming their telephone conversation and requested a copy of the complaint and advance notice before taking a default. Fontaine's secretary replied to this by a letter dated July 28 which stated that no default would be taken without giving Wainwright "at least ten days notice." September 7, 1956, Fontaine wrote Wainwright suggesting a certain settlement of alimony, attorney's fees, etc. October 30 Wainwright phoned Fontaine making a counter suggestion. November 16 Fontaine wrote Wainwright refusing to accept the counter terms and stating that his letter of September 7 embodied the settlement his client would agree to, and asking Wainwright to take the matter up further with his client so that the case could be concluded as soon as possible. March 25, 1957, Fontaine wrote Wainwright stating that he had received no reply to his letters of September 7 and November 16. He requested Wainwright to file his answer before April 5 so that the case could be disposed of.

In December 1956, or January 1957, appellant retained Attorney Kennedy to represent him. April 4, 1957, Kennedy wrote Fontaine to the effect that he had been retained and had not received from Wainwright a copy of the complaint, asked for more time to answer, and for a copy of any possible offer of settlement. May 10 Fontaine answered, enclosing copy of Fontaine's letter to Wainwright dated September 7 and advised Kennedy that he had not received answers to the letters of September 7 and November 16, 1956, and March 25, 1957, written to Wainwright, and asked for financial

assistance for respondent because of her illness. Fontaine claims that he received no answer either by phone or letter. Kennedy testified that he phoned Fontaine asking for a copy of the complaint. May 24 Fontaine wrote Kennedy stating that as he had not heard from Kennedy he assumed that the latter did not intend to appear, and that if he did not hear from Kennedy by May 31 he would take appellant's default. Kennedy's affidavit states that he did not receive this letter and was not aware of its contents until after December 27.

Appellant's default was entered June 10, 1957, and default judgment of divorce entered June 24. On February 13, 1958, appellant filed a motion under section 473, Code of Civil Procedure, to set aside the default and judgment. The motion was submitted on affidavits and denied as being brought beyond the six months' period allowed by section 473. Thereafter appellant filed a new motion to set aside the default and judgment on the ground that they were secured "through extrinsic fraud of counsel . . ." This motion was heard on affidavits and denied. Appellant then brought this action.

1. *Was Appellant Notified of Respondent's Intention to Take His Default?*

Fontaine testified that he sent the letter of May 24, 1957, to Kennedy at the same address to which he sent the May 10 letter, which letter Kennedy finally admitted receiving. Kennedy stated that he did not receive the May 24 letter, and when asked, "And you say that in your confusion, moving, and so forth, and so on, may it not be that you have lost that letter?" he answered, "Presently, I have misplaced the entire file, but I never recall having seen this letter. Q. That is your testimony, that you do not recall having received that letter? A. That is right. Q. You did not say that you did not receive that letter? A. I recall never having received the letter or having any knowledge of its content. Q. Yes, but you do not recall having received it, but you don't say that you did never receive that letter? A. That is exactly correct. Q. That is correct? A. Yes."

Section 1963, subdivision 24, Code of Civil Procedure, states that there is a disputable presumption "That a letter duly directed and mailed was received in the regular course of the mail."

In *Tremayne* v. *American SMW Corp.*, 125 Cal.App.2d 852 [271 P.2d 229], the court states: "The presumption in the Code of Civil Procedure, section 1963, subdivision 24, that a

letter duly mailed was received by an addressee is not a conclusive one, but may be rebutted by satisfactory evidence to the contrary. It is a question of fact for the trial court to determine whether the presumption that the letter duly mailed was received by the addressee was overcome by the evidence introduced by the addressee that it was not received. [Citations.]'' (P. 854.)

The court found: ''[T]hat it is not true 'that defendant's attorney did not inform plaintiff or any one of his attorneys of defendant's intention to take said default'; and on this behalf the Court finds that it is true that defendant's attorney did inform plaintiff's attorney of defendant's intention to take said default by mailing a letter of said intention on May 24, 1957 to plaintiff's attorney at his last known address, postage thereon prepaid . . .''

 The word ''inform'' in said finding is potent for it carried to the mind of the addressee knowledge of what defendant intended by the letter, namely, to take the default of plaintiff. ''Inform'' is to ''give notice.'' The court's finding is sufficient in its terms to state that Kennedy did receive Fontaine's letter of May 24, 1957.

 It is evident that the court believed that the letter was received. The dilatory tactics of both of appellant's attorneys, the fact that Kennedy at first denied receiving the letter of May 10 and then admitted receiving it (he claimed that it was lost with the files in the case when he moved his office), the fact that from May until the following February Kennedy made no effort to contact Fontaine or to take any interest in the case, and the presumption that the letter was received, constitute sufficient evidence to support the court's finding.

*Davis* v. *Davis* (1960), 185 Cal.App.2d 788 [8 Cal.Rptr. 874], relied upon by appellant, is not in point. There the notice to counsel of intention to take default was misdirected and the court found that it was not received. In our case the court found that it was received.

2. (a) *Finding That Appellant Did Not Allege a Good Defense to the Divorce Action.*

 It is doubtful if the finding is supported. However, while, if true, it would be a complete defense in itself to this action, it is not a necessary finding in view of the supported finding that appellant's default in the divorce action was properly taken.

## 2. (b) *Finding as to Appellant's Take-Home Pay.*

While this finding is unsupported, it is an immaterial finding, having no bearing on the issue.

## 3. *Findings Re Letter of May 24.*

Appellant contends he offered a finding to the effect that although mailed, Kennedy did not receive this letter. There seems to be some question as to whether such a finding was offered. Assuming that it was, there was no error in the court's not making such an express finding as it was included in the finding "[T]hat it is not true 'that defendant's attorney did not inform plaintiff . . . of defendant's intention to take said default' . . . " "Inform" is to "give notice." It means that the letter carried to the mind of the addressee that default would be taken.

## 4. *Second and Third Amendments.*

Appellant's proposed second amendment to the complaint alleged that he had a good and sufficient defense to the divorce action and was not guilty of cruel and inhuman treatment of respondent; "furthermore, plaintiff became reconciled with defendant subsequent to the service of the summons and complaint in her action for divorce."

Appellant's proposed third amendment to the complaint alleged extrinsic fraud "in that defendant had alleged in her complaint for divorce that said parties were separated on March 2, 1956 when in truth said parties had become reconciled after that date and had not separated until on or about July 13, 1956. Defendant fraudulently concealed from the court said reconciliation . . ."

Counsel for respondent, when appellant was on the stand, apparently sought to show that there had been a conditional reconciliation between the parties prior to the trial of the divorce action. Appellant objected on the ground that it was immaterial, stating that all appellant had to prove was that he had a meritorious action and was "not alleging any of this is a fraud." The court then sustained the objection, saying, "The only materiality here is, as he [counsel for appellant] stated . . . that the plaintiff believes in his own right that he has a . . . meritorious defense to the cause of action, but *this is no part of the basis for the fraud.*" (Emphasis added.) Again, when respondent was on the stand, her counsel attempted to go into the same subject. Appellant's counsel objected again, and the court sustained the objection. Later in discussing his offer of the amendment to paragraph V (second

amendment to complaint) which refers to the alleged reconciliation, appellant stated that it was only offered to show a meritorious defense, and that if the court thought that the amendment would change the cause of action he would strike the paragraph and state that " 'Plaintiff herein had, and has, a good sufficient and meritorious defense to said action'' (the divorce action).[1] It should be noted that in the proposed amendments appellant nowhere alleged that his failure to answer the complaint was because of or in reliance on the reconciliation. He claims that the reconciliation ended on July 13, 1956. On July 21 Attorney Wainwright notified Attorney Fontaine that he was representing appellant. Appellant's default was not taken until June 24, 1957, over 11 months later. He made no effort during that time to find out the status of the divorce case, nor did his attorneys reply to Fontaine's letters. In view of the limited purpose for which appellant offered the amendments[2] and all of the circumstances of the case, we cannot say that the court abused its discretion in denying the amendments.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.

---

[1] Appellant's first amendment, which was allowed, alleged that he had "a good and sufficient defense to the action. . . .''

[2] The amendments were offered at the conclusion of the trial. At the time of settling the findings appellant changed his theory and requested the third amendment on the ground that a fraud had been committed on the court by respondent's failure to inform the court of the reconciliation. Moreover, at that time the court said: "[M]y feeling is that the question of fraud in regard to the condonation is outside the pleadings.'' Appellant's counsel stated: "It is a variance from the pleadings.'' The latter then stated that the issue had been tried. The court then said: "I don't think it was tried. In fact, the defendant never had a chance to offer any evidence at all concerning it . . . [T]here is no testimony concerning Mrs. Bottom concealing that matter from the Court. There is testimony by him that there was a reconciliation but there is none by her whatsoever and we—this is not talking about whether it happened or not, this is talking about whether it would—that she knew it had happened and she concealed it from the Court. That is where you get into fraud.'' Appellant's counsel said, "That is true.'' It was within the discretion of the court to determine, among other reasons, as it apparently did, that the request came too late, particularly in view of appellant's objection during the trial to respondent's going into the circumstances of the reconciliation.