Filed 10/12/22  Taft v. Veatch Carlson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| FOSTER TAFT,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VEATCH CARLSON, LLP<br>et al.,<br><br>    Defendants and<br>Respondents. | 2d Civ. No. B315479<br>(Super. Ct. No. 56-2021-<br>00551080-CU-CR-VTA)<br>(Ventura County) |

Foster Taft appeals a judgment entered in favor of defendants Veatch Carlson, LLP (Veatch) and attorney Leslie Burnet (respondents) on his action for damages for the unauthorized disclosure of medical information.  The trial court entered judgment after granting respondents' "special motion to strike."  (Code Civ. Proc., § 425.16 (anti- SLAPP statute).[1])  We conclude, among other things, that 1) in granting the anti-SLAPP

_____

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

motion, the court correctly ruled Taft's action arose from respondents' protected activity; 2) Taft failed to show that he could prevail; and 3) the court did not abuse its discretion in ordering Taft to pay attorney fees. We affirm.[2]

FACTS

*Taft v. West*

In January 2020, Taft filed a lawsuit against David West in the Los Angeles County Superior Court, alleging that he suffered personal injuries as a result of a traffic accident caused by West. (*Taft v. West* (Super. Ct. Los Angeles County, 2020, No. 2OSTCV02326).)

Veatch and Burnet represented West. Because Taft claimed he suffered medical costs and injuries, they issued subpoenas to Taft's medical providers, including the Ventura County Medical Center (VCMC) in April 2020. They used U.S. Legal Support, Inc. (US Legal) to serve the subpoenas.

Taft filed a motion to quash the subpoenas. In May 2020, after receiving a copy of the motion to quash, US Legal confirmed that those April subpoenas were "cancelled."

On June 15, 2020, Burnet issued a subpoena for medical records to Elisabeth Bertoline, "a provider that was *not* included in the April Subpoenas."

In December 2020, the trial court held a hearing on Taft's motion to quash subpoenas. Taft claimed he did not receive notice of the June 15 subpoena to Bertoline, and he did not discover the issuance of that subpoena until August 23, 2020. The court denied his motion to quash and found Taft did not meet "his burden" to support the motion, and he did not present "any

---

[2] We grant respondents' motion to augment the record filed May 20, 2022.

evidence" to support his claims. The court granted Taft's request to dismiss the case.

*The Current Case*

In 2021, Taft filed an action against the VCMC, US Legal, Veatch, and Burnet alleging he suffered damages as a result of their "illegal acquisition and unauthorized disclosure of medical information." (Capitalization omitted.) He alleged, inter alia, that on June 15, 2020, Burnet had issued a subpoena for his medical records without providing notice to him. He said the "subpoena for medical records without notice was illegal" and led to the "unauthorized disclosure" of his medical information in violation of Civil Code section 56.13.

US Legal and VCMC filed demurrers. US Legal claimed this action was barred by res judicata/collateral estoppel because of the order denying Taft's motion to quash service in the *Taft v. West* case. VCMC claimed Taft was relitigating claims that were rejected in a prior action. The court sustained the US Legal and VCMC demurrers without leave to amend. It awarded sanctions against Taft payable to VCMC, finding Taft was an attorney who had filed a "frivolous" lawsuit.

Veatch and Burnet filed a special motion to strike Taft's action (§ 425.16), claiming: 1) Taft sued them for protected activity of issuing a subpoena for medical records in representing West; 2) Taft's claim that they failed to serve him with the Bertoline subpoena on June 15, 2020, was untrue as shown by the affidavit of service; and 3) Taft did not state a cause of action against them under Civil Code section 56.13.

Burnet declared she was an attorney with the Veatch firm, the counsel for West in the *Taft v. West* action. She issued subpoenas for medical records that were "reasonably calculated

3.

to lead" to "admissible evidence" during "the course of litigation" to defend West. Taft's April motion to quash did not involve the subpoena to Bertoline. Veatch noted the trial court in *Taft v. West* denied Taft's motion to quash the subpoenas.

In opposition, Taft alleged Burnet and Veatch abused "judicial procedures" and violated "discovery statutes." He claimed the order denying his motion to quash in *Taft v. West* did not bar relitigating the issue of lack of notice on the June 15th Bertoline subpoena because the court there only ruled the issues were "moot."

The trial court granted the anti-SLAPP motion. (§ 425.16.) It found: 1) Taft's lawsuit "is one arising from protected activity," and 2) Taft "has not demonstrated a probability of prevailing on his claims." The court entered judgment against Taft and ordered him to pay attorney fees.

DISCUSSION

*Granting the Anti-SLAPP Motion*

The trial court did not err by granting the anti-SLAPP motion. Section 425.16, subdivision (a) protects against frivolous lawsuits that "chill the valid exercise of the constitutional rights of freedom of speech and petition." A defendant may file a special motion to strike such a lawsuit.

An anti-SLAPP motion involves two steps. First, the defendant must show the allegations of the complaint arise from "protected activity in which the defendant has engaged." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 884.) Second, if the defendant sustains that burden, the plaintiff must show a "probability" that he or she "will prevail" (§ 425.16, subd. (b)(1)), or the lawsuit will be dismissed.

Under the anti-SLAPP statute, a protected act falling within the first step of the motion includes " 'conduct such as the filing, funding, and *prosecution of a civil action.*' " (*Takhar v. People ex rel. Feather River Air Quality Management Dist.* (2018) 27 Cal.App.5th 15, 28, italics added.)

*The First Step*

Taft sued the respondents for issuing a subpoena for his medical records. Respondents were defending their client in Taft's lawsuit that sought personal injury damages. Taft claimed they violated the privacy of his medical records. But a "plaintiff seeking to recover damages arising out of a particular injury cannot claim the physician-patient privilege with respect to that injury because plaintiff's action tenders the issue." (*Manela v. Superior Court* (2009) 177 Cal.App.4th 1139, 1149.) Because issuing a subpoena is conduct in the defense of a "civil action," it was protected activity qualifying as the first step of the anti-SLAPP motion. (*Takhar v. People ex. rel. Feather River Air Quality Management Dist., supra*, 27 Cal.App.5th at p. 28.)

*The Second Step*

The trial court found the second step of the anti-SLAPP motion was established. Taft claimed he was not served with the June 15th Bertoline subpoena. But that subpoena had a proof of service showing service on Taft at the address listed on his complaint. A document "correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421.)

"Whether that presumption has been rebutted is a question" decided by the trial court. (*Glasser v. Glasser* (1998) 64 Cal.App.4th 1004, 1010-1011.) Taft did not present admissible evidence to overcome that presumption. (*Laker v. Board of*

*Trustees of California State University* (2019) 32 Cal.App.5th 745, 768.)

Angie Salvatierra declared she served the notice to consumer on the Bertoline subpoena by mail in a sealed envelope with postage fully prepaid addressed to Taft's address on June 15. Taft had the burden to challenge that declaration. (*AO Alfa-Bank v. Yakovlev* (2018) 21 Cal.App.5th 189, 206.) But he presented no evidence that her service did not comply with statutory requirements (§ 1013) or was irregular. (*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (2d Cir. 2010) 597 F.3d 84, 92.) He made no offer of proof that she listed the wrong address, had a motive to lie, or to impeach her credibility. He did not mention Salvatierra in his opposition to the motion even though: 1) he had attached her subpoena service declaration as an exhibit to his complaint, and 2) the main issue in that complaint was whether she served him. Taft claims he could not initiate discovery. But he could have deposed her in the *Taft v. West* case or requested to depose her in the current case. (§ 425.16, subd. (g).)

Taft said he "learned of the subpoena" after "8/23." But this was a vague phrase that he repeated from his complaint. (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 [the plaintiff " 'may not rely solely on its complaint, even if verified' "].) He did not provide additional facts or explanation. (*Evans v. Department of Motor Vehicles* (1994) 21 Cal.App.4th 958, 973 [mere assertion of non-service without "evidence" to support it is insufficient].) This did not overcome the presumption. (*Ibid.*; *People v. Safety National Casualty Corp.* (2010) 186 Cal.App.4th 959, 973 [presenting "minimal" evidence of non-receipt does not "demonstrate the clerk's failure to mail

6.

the notice"]; *Akey v. Clinton County* (2d Cir. 2004) 375 F.3d 231, 235 ["Denial of receipt, without more, is insufficient to rebut the presumption"].)

The relevant time frame for mail receipt was June 2020. (§ 1013.) But Taft presented no evidence about this period. He did not state where he was at that time (*Forslund v. Forslund* (1964) 225 Cal.App.2d 476, 487); who received mail at his address or describe incoming mail procedures there (*Tremayne v. American SMW Corp.* (1954) 125 Cal.App.2d 852, 854); state whether he checked the mail daily, or who distributed it after receipt (*ibid.*); state whether he searched his records, or why the subpoena could not have been received and misplaced at his address (*Evans v. Department of Motor Vehicles*, *supra*, 21 Cal.App.4th at p. 973); or why the alleged lack of notice was not due to "inexcusable neglect." (*Ibid.*) The court could draw unfavorable inferences from his failure to present such evidence. (Evid. Code, § 412; *Sprague v. Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1051.) Taft claimed Burnet violated his rights, but Salvatierra served the notice, not Burnet.

*Additional Findings*

The trial court could also make additional findings against Taft. Taft filed a motion to quash the Bertoline subpoena in the *Taft v. West* case claiming he was not served. The court denied that motion finding Taft did not "meet his burden" to support his claims or present "any evidence" to support his allegations. That order rejected his claims that he did not receive notice or that the subpoenas were defective.

The trial court could reasonably find: 1) Taft did not show a probability of prevailing because his current complaint relies on the same failure of service issue that was rejected by the court in

7.

*Taft v. West*, and 2) Taft's action was also barred by collateral estoppel.

"Collateral estoppel 'precludes relitigation of *issues* argued and decided in prior proceedings.' " (*Ayala v. Dawson* (2017) 13 Cal.App.5th 1319, 1326.)  This doctrine " 'does not require identity of legal theories or causes of action.' " (*Id.* at p. 1327.)  The elements are present.  Taft was a party to the *Taft v. West* case, he litigated the same non-service issue, did not prevail, and that order is final.  (*Id.* at p. 1326.)  His claim that the trial court only ruled the issues were "moot" is refuted by the court's written order.  Collateral estoppel applies to bar a plaintiff's lawsuit where there is a final ruling on a motion to quash service against the plaintiff in a prior case that involves the same issue involved in the current action.  (*Id.* at p. 1327.)  Consequently, collateral estoppel bars Taft from relitigating the issue that is central to his current action.  (*Ayala*, at pp. 1326-1327.)

*No Cause of Action*

Respondents also correctly claimed Taft could not prevail because he did not have a cause of action against them under Civil Code section 56.13.  That section provides, in relevant part, "A recipient of medical information *pursuant to an authorization* . . . may not further disclose that medical information except in accordance with a new authorization . . . or as specifically required or permitted by other provisions of this chapter *or by law*." (*Ibid.*, italics added.)  Burnet and Veatch were not medical providers who received medical information "pursuant to an authorization."  They were counsel to a party in litigation and the "records were obtained" lawfully "pursuant to subpoena." (*Manela v. Superior Court*, *supra*, 177 Cal.App.4th at p. 1149.)  Consequently, the section he alleged in his complaint did not

apply to them.  (*Brown v. Mortensen* (2019) 30 Cal.App.5th 931, 937, fn. 6.)

Taft contends that because he filed a motion to quash subpoenas for *some* medical records in April, Burnet and Veatch were barred from issuing additional subpoenas thereafter.  He claims he has a cause of action because they sought additional subpoenas after April.  But filing a motion to quash is not a restraining order barring discovery and the motion's merit is not decided until there is a ruling.  As Burnet noted, there was no ruling on that motion in June, no order preventing discovery, and Bertoline was not one of the doctors whose records had been subpoenaed in April.  To prevent Burnet from issuing additional subpoenas, Taft had to file a motion for a discovery protective order and show good cause.  (*Nativi v. Deutsche Bank National Trust Co.* (2014) 223 Cal.App.4th 261, 318.)  But he did not file such a motion and he has not shown good cause.  (*Manela v. Superior Court*, *supra*, 177 Cal.App.4th at p. 1149.)  Burnet and Veatch could reasonably conclude his April motion lacked merit; it was ultimately denied.  (*Ibid*.)  Moreover, there is an additional reason why he cannot prevail.

*The Litigation Privilege*

A statutory privilege protects litigants from liability for litigation conduct.  (Civ. Code, § 47.)  "The 'principal purpose' of the litigation privilege is 'to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions.' " (*Foothill Federal Credit Union* v. *Superior Court* (2007) 155 Cal.App.4th 632, 636-637.)  "[T]he privilege does not apply to criminal prosecutions, whether brought pursuant to state statute or local

9.

ordinance." (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1245.)

The privilege applies to protect those who engage in litigation conduct that has a "logical relation to the action" to "achieve the objects of the litigation." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) Burnet and Veatch issued subpoenas as part of normal discovery in the defense of a personal injury action. (*Manela v. Superior Court*, *supra*, 177 Cal.App.4th at p. 1149.) Burnet declared that her sole purpose was to obtain evidence to defend West. There is no admissible evidence that they engaged in criminal conduct or had any unlawful motive.

The litigation privilege consequently protects Burnet and Veatch from liability for *alleged* noncompliance with subpoena service rules and Taft has no private right of action. (*Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 215; *Foothill Federal Credit Union v. Superior Court*, *supra*, 155 Cal.App.4th at pp. 635-636, 638.) The privilege is absolute. (*Foothill Federal Credit Union*, at pp. 635-636, 638.) It "bars all tort causes of action except malicious prosecution." (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 962.) It bars "a privacy cause of action *whether labeled as based on* common law, *statute*, or Constitution." (*Id*. at p. 962, italics added.) It applies to lawsuits claiming deficient service or *noncompliance with subpoena rules*. (*Id*. at p. 959; *Foothill Federal Credit Union*, at pp. 634, 638.)

In *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1065, the court held an anti-SLAPP motion was properly granted because the litigation privilege barred a civil lawsuit against an attorney alleging counsel filed *false declarations* of service to obtain a default judgment. Taft, similar to the *Rusheen* plaintiff, claims

counsel liability for not serving a subpoena notice. The result in *Rusheen* applies here.

Taft contends the application of the litigation privilege would render the subpoena service requirements of section 1985.3 to be "useless and inoperable." But in rejecting this claim, one court said, "We fail to see this as a likely result in light of the continued existence of opportunities for consumers to quash or modify subpoenas seeking their personal records." (*Foothill Federal Credit Union v. Superior Court*, *supra*, 155 Cal.App.4th at p. 642, fn. 2.) If Taft believes his records were improperly produced, his remedy is "to seek the return of the erroneously produced records from the court." (*Id.* at p. 642.)

*Constitutionality of the Anti-SLAPP Statute*

Taft contends section 425.16 is unconstitutional because it prevented him from litigating his claims. But our Supreme Court has rejected this claim. In *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 740, footnote 8, the court said it "rejected the suggestion that the anti-SLAPP statute unduly burdens plaintiffs' access to courts." Taft claims it violates due process because "the simple filing of a motion to strike shuts down all discovery." But discovery is available. (*1-800 Contacts, Inc. v. Steinberg* (2003) 107 Cal.App.4th 568, 593.) He claims this statute interferes with his right to petition. But " '[t]he right to petition is not absolute, providing little or no protection for baseless litigation.' " (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 64.) This statute does not prevent a plaintiff from pursuing meritorious litigation. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 93.)

11.

*Attorney Fees*

Taft contends the trial court erred by awarding respondents $20,025 in attorney fees. We disagree.

The prevailing defendant on an anti-SLAPP motion is entitled to attorney fees. (§ 425.16, subd. (c)(1).) "We review attorney fee awards for abuse of discretion." (*Karton v. Ari Design & Construction, Inc.* (2021) 61 Cal.App.5th 734, 743.) "An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court." (*Ibid.*)

Taft claims the amount awarded was excessive. But he has not cited to the record to show the trial court's findings on fees were unreasonable. The motion for fees was supported by a declaration by counsel that included a detailed specification of the attorney services and the attorney time spent. Counsel sought a total award of $32,994 based on an hourly rate of $705 multiplied by 46.8 hours. The court reduced the amount requested. It found the "reasonable hours spent in bringing the motion is 44.5 hours at a rate of $450 per hour, for a total of $20,025 in attorney fees." The trial court exercised its discretion in awarding fees. Taft has not shown an abuse of discretion. (*Karton v. Ari Design & Construction, Inc.*, *supra*, 61 Cal.App.5th at p. 743.)

We have reviewed Taft's remaining contentions and we conclude he has not shown grounds for reversal.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded in favor of respondents.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.*

---

* Retired Associate Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Henry J. Walsh, Judge

Superior Court County of Ventura

---

Foster Taft, in pro. per., for Plaintiff and Appellant.

Veatch Carlson, Serena L. Nervez and Clara Porter for Defendants and Respondents.